Janeral L. HOLLEY,
Plaintiff–Appellant,
Cross–Appellee,

v.

NORTHROP WORLDWIDE AIRCRAFT
SERVICES, INC., Defendant–Appellee,
Cross–Appellant.

No. 87–3156.

United States Court of Appeals,
Eleventh Circuit.

Jan. 22, 1988.

---

11. *See supra* note 7.

William D. Wells, Joseph L. Hammons, Hammons, Roark & Whittaker, P.A., Pensacola, Fla., for plaintiff-appellant, cross-appellee.

Ralph Peterson, Beggs & Lane, Pensacola, Fla., Richard A. Hibey, Gordon A. Coffee, Washington, D.C., for defendant-appellee, cross-appellant.

Before HILL and FAY, Circuit Judges, and ALLGOOD \*, Senior District Judge.

HILL, Circuit Judge:

This appeal stems from decisions made in the second half of a bifurcated trial. In the first segment a jury determined that Janeral Holley had been unlawfully terminated by Northrop Worldwide Airport Services, Inc., for contacting the United States Department of Labor.[1] The unlawful termination violated 29 U.S.C. Section 215(a)(3), a portion of the Fair Labor Standards Act. The jury further found that criminal proceedings initiated by Holley against Northrop had not been brought "maliciously and without probable cause."[2]

In the second stage of this case the Honorable Winston Arnow, Senior Judge for the Northern District of Florida, formulated a remedy for the wrongful termination of Holley's employment. Judge Arnow granted Holley back pay from the year in which he was first terminated, 1981, until 1983. In 1983 Northrop lost the contract with the United States government under which Holley had been employed, and 100% of Holley's fellow workers lost their jobs with Northrop. The district court refused to fashion any remedy including amounts Holley might have earned with the company that received the remaining portion of the contract which Northrop lost. Furthermore, although Northrop received a new government contract for a similar flight operation in 1985, the district court declined to reinstate Holley or give him front pay under the 1985 contract. Holley appeals both those decisions.

Northrop cross-appeals, urging that the magistrate should never have denied its summary judgment motion concerning Holley's claim of retaliatory discharge.

Holley presents uncontroverted statistics of the employment history of his fellow employees following the termination of the 1983 contract. Northrop recommended all the other pilots for employment by the firm that was awarded the contract Northrop had just lost. 75% of Holley's fellow workers were hired by the new contractor. A few months prior to the termination of the 1983 contract Northrop was informed that it had been awarded a similar contract to begin in early 1985.[3] Nevertheless, a cautious Northrop refused to make any promises of employment to any of the employees which it laid off at the termination of the first contract in 1983.

Beginning some nine months after it had terminated all the employees hired under the old contract, Northrop began to rehire some of those employees. By the time the 1985 contract began a year and a half later, Northrop had rehired a total of 59% of the employees it originally had laid off. 100% of Holley's fellow employees received jobs from either the new contractor under the

---

\* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Holley approached the Department concerning Northrop's failure to initiate a wage determination. The wage determination that resulted increased the pilots' salaries by 35%.

2. The prosecutor dropped the claims before they reached trial.

3. The news of this award became official a few months after the termination of the first contract.

contract Northrop had lost, or from Northrop under the contract that began in 1985.

## NORTHROP'S LIABILITY FOR BACKPAY OR REINSTATEMENT FOR THE POST–1983 PERIOD

Holley focuses his argument on the allocation of the burden of proof between the two parties. While Holley acknowledges that he bears the initial burden of producing some evidence of economic harm beyond the fixed termination date of the contract, he cites several cases suggesting that the defendant assumes the burden of proof once plaintiff meets that initial burden. *See, e.g., Welch v. University of Texas*, 659 F.2d 531 (5th Cir. Unit A 1981); *Walker v. Ford Motor Co.*, 684 F.2d 1355 (11th Cir.1982); *Nord v. United States Steel Corp.*, 758 F.2d 1462 (11th Cir.1985). These cases are inapposite; Holley acknowledges that he bore the original burden of proof, and we agree with the district court that Holley never carried that original burden.[4]

■ We agree with Northrop that it cannot be held liable for the hiring decisions of other companies absent unusual circumstances which are not present in this case. Here, Holley presented nothing more than circumstantial and inconclusive evidence to support the proposition that the employment decisions made by the new company were influenced by Northrop's recommendation. From the record it is apparent that Northrop's recommendations were not accepted wholesale: not every employee recommended was hired by the new company. Without more convincing factual data linking the two companies, we cannot conclude

that the district judge erred in refusing to award backpay for this time period.[5]

■ For the same reason we conclude that under the facts of this case Holley is not entitled to back pay or reinstatement under the 1985 contract. Every one of Holley's co-workers was fired as of September 20, 1983. Only 59% of them were rehired by Northrop, and that reemployment came a year and a half later and under a different contract.[6]

## THE DENIAL OF SUMMARY JUDGMENT ON THE RETALIATORY DISCHARGE ISSUE

Northrop cross-appeals, urging this court to rectify what it considered to be a mistaken refusal to grant summary judgment on the critical retaliatory discharge issue. We conclude that Northrop may not appeal the denial of summary judgment in the circumstances of this litigation.

Northrop concedes that by trial the evidence was sufficient to be placed before the jury. Under these circumstances we need not consider whether some additional piece or pieces of evidence actually dictated a different result by the time the judge submitted the issue to the jury.

■ Summary judgment is designed to weed out those cases so clearly meritorious or so clearly lacking in merit that the full trial process need not be activated to resolve them. Summary judgment was not intended to be a bomb planted within the litigation at its early stages and exploded on appeal; instead, it was intended as a device to diminish the effort, time, and costs associated with unnecessary trials. In keeping with those purposes, we hold that the party whose motion for summary

---

**4.** Because we find that Holley never even met a minimal initial burden of proof in this situation, we do not need to compare the assignment of the burden of proof in the Title VII cases cited by plaintiff to the assignment in a retaliatory discharge case such as this one.

**5.** Because this case falls well outside the realm of cases establishing a sufficient nexus between the old and the new company, we will not attempt to speculate as to whether or when two

companies might be so linked that one could be held responsible for the other's failure to hire an employee wronged by the first company.

**6.** Given our resolution of the question of Northrop's liability under the 1985 contract, we need not address specifically the question of whether Holley should be reinstated or given backpay under that contract.

judgment was denied may not appeal the motion if the party admits that: (a) by trial the evidence produced by the opposing party was sufficient to be presented to the jury; or (b) by trial the evidence had been supplemented or changed in some manner favorable to the party who opposed summary judgment.[7]

Northrop is unable to produce a binding case to the contrary. Northrop cites a footnote in *Jones v. Preuit & Mauldin*, 808 F.2d 1435, 1438 n. 1 (11th Cir.1987). However, that case has been vacated pending *en banc* redetermination of its issues. *Johnson v. Bryant*, 671 F.2d 1276 (11th Cir.1982) is also not to the contrary: in that case the appellant did not rely on the initial motion for summary judgment, but instead made both a motion for a directed verdict and a motion for a judgment notwithstanding the verdict, and appealed the denial of all three. We hold only that a party may not rely on the undeveloped state of the facts at the time he moves for summary judgment to undermine a fully-developed set of trial facts which militate against his case. Finally, *Roper v. Edwards*, 815 F.2d 1474 (11th Cir.1987) does not demand a contrary holding in this case. *Roper* involved an appeal from a grant rather than a denial of summary judgment.

The decision of the district court as to damages is AFFIRMED. The cross-appeal by Northrop is DISMISSED.

---

**7.** Other jurisdictions have gone so far as to refuse appeals on all motions for summary judgment. *See, e.g., Boyles Galvanizing and Plating Co. v. Hartford Accident and Indemnity Co.*, 372 F.2d 310 (10th Cir.1967); *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564 (Fed.Cir.1986), *cert. dismissed,* — U.S. —, 107 S.Ct. 1262, 94 L.Ed.2d 124 (1987).