John W. WHALEN, Plaintiff–Appellee,

v.

UNIT RIG, INC., a Delaware Corporation; Terex Corporation, a Delaware Corporation; MRL Acquisition Corporation, a Delaware Corporation, Defendants–Appellants.

No. 91–5069.

United States Court of Appeals, Tenth Circuit.

Sept. 10, 1992.

On Rehearing Oct. 20, 1992.

J. Patrick Cremin of Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C. (with Frank M. Hagedorn on the briefs) Tulsa, Okl., for defendants-appellants.

J. Douglas Mann of Rosenstein, Fist & Ringold (with Eric P. Nelson on the briefs) Tulsa, Okl., for plaintiff-appellee.

Before McKAY, Chief Judge, McWILLIAMS, Circuit Judge, and EISELE, District Judge.[1]

McKAY, Chief Judge.

This age discrimination lawsuit arises from actions taken during a corporate ac-

---

**1.** Honorable G. Thomas Eisele, Senior District Judge, United States District Court for the Eastern District of Arkansas, sitting by designation.

quisition. Plaintiff won a jury verdict and judgment for damages, attorney's fees, costs and expenses. Defendant companies appeal, arguing that plaintiff failed to prove his case and that the district court made various errors at trial. We affirm.

Unit Rig and Equipment Company ("URE"), after several years of financial troubles, was sold in 1988 to Terex Corporation ("Terex") with the assistance of MRL Acquisition Corporation ("MRL"). The newly acquired entity was named Unit Rig, Inc. ("URI"). As part of the acquisition process, all URE employees (approximately 500 people) were discharged on July 14, 1988, and all but forty-six were hired by URI on the following day without a formal job application process.

Plaintiff John Whalen was among the forty-six employees not hired by URI. He had been employed at URE since 1977 and had held the job of Controller for three years. He was sixty-three years old at the time of his discharge.

Frank Hill became president of URI when the acquisition was completed. He immediately merged the duties of Controller and Director of Finance, naming a Terex employee he knew to fill the new position of Vice President of Finance. This job merger lasted only two weeks, however, before the Vice President of Finance named another Terex employee as Controller. This new Controller was twenty-nine years old.

Shortly after Mr. Whalen heard that a new Controller had been hired, he filed documents with the Oklahoma Human Rights Commission ("OHRC") alleging that he had been the victim of age discrimination.[2] Mr. Whalen filed this lawsuit pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (1982) ("ADEA"), after the sixty-day deferral period mandated by ADEA had expired.[3]

Evidence was introduced at trial that a Terex vice president, Larry Skaff, had requested lists of URE employees in de-

clining order of age and that these lists were delivered to Mr. Skaff and Mr. Hill at the time these two men made employment decisions regarding URI. One witness testified to hearing Mr. Hill describe his intent to hire a "young controller" during the acquisition process.

Defendants filed motions at various stages of litigation to challenge the sufficiency of the evidence to support a verdict of age discrimination. The companies now appeal from denial of these motions. Defendants also challenge the district court's decision to admit into evidence the lists of URE employees allegedly prepared at Mr. Skaff's request. Defendants further argue that the district court erred by allowing Mr. Whalen to dismiss his claim of willful age discrimination while the jury deliberated, and, finally, they raise various objections to the award of attorney's fees, costs and expenses.

As a preliminary matter, Mr. Whalen argues that the district court's denial of defendants' Motion for Summary Judgment is now moot and cannot be raised on appeal. He also argues that some issues raised in that motion were not preserved for appeal because they were not raised in defendants' Motion for Directed Verdict. This court has held that denial of a motion for summary judgment is not appealable. *Boyles Galvanizing & Plating Co. v. Hartford Accident & Indem. Co.*, 372 F.2d 310, 312 (10th Cir.1967); *cf. Grubb v. FDIC*, 868 F.2d 1151, 1160 (10th Cir.1989) (issue of standing, first raised in summary judgment motion, could be addressed on appeal although summary judgment was denied).

Other circuit courts have recently adopted a rule that denial of summary judgment is not properly reviewable on an appeal from a final judgment entered after trial. *Jarrett v. Epperly*, 896 F.2d 1013, 1016 (6th Cir.1990); *Holley v. Northrop Worldwide Aircraft Serv.*, 835 F.2d 1375, 1377–78 (11th Cir.1988); *Locricchio v. Legal Services Corp.*, 833 F.2d 1352, 1358–59 (9th Cir.1987); *Senza–Gel Corp. v. Seiff-*

---

**2.** The OHRC is authorized by the Equal Employment Opportunity Commission ("EEOC") to process charges of age discrimination in employment.

**3.** URE was dismissed from the suit prior to trial by joint stipulation.

*hart*, 803 F.2d 661, 669 (Fed.Cir.1986); *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1573 (Fed.Cir.1986), *cert. dismissed*, 479 U.S. 1072, 107 S.Ct. 1262, 94 L.Ed.2d 124 (1987). As the Federal Circuit explained, a denial of summary judgment is not a judgment, but "merely a judge's determination that genuine issues of material fact exist." *Glaros*, 797 F.2d at 1573 (citing *Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966) (denial of summary judgment "is strictly a pretrial order that decides only one thing—that the case should go to trial")). The Ninth Circuit has elaborated on the injustice of "depriv[ing] a party of a jury verdict after the evidence was fully presented, on the basis of an appellate court's review of whether the pleadings and affidavits at the time of the summary judgment motion demonstrated the need for a trial." *Locricchio*, 833 F.2d at 1359.[4]

■ We agree with the Eleventh Circuit that "[s]ummary judgment was not intended to be a bomb planted within the litigation at its early stages and exploded on appeal." *Holley*, 835 F.2d at 1377–78. We now hold that even if summary judgment was erroneously denied, the proper redress would not be through appeal of that denial but through subsequent motions for judgment as a matter of law ("JAMOL") and appellate review of those motions if they were denied.[5]

■ Defendants challenged the legal sufficiency of the documents Mr. Whalen filed with the OHRC in their Motion for Summary Judgment, claiming that the documents did not constitute a proper charge within statutory requirements. Summary judgment was denied. Defendants subsequently made an oral Motion for Directed Verdict and explicitly declined to revisit the issue of the OHRC documents.[6] This court has held that "[o]nly questions raised in a prior motion for directed verdict may be pursued in a motion for judgment notwithstanding the verdict." *Dow Chem. Corp. v. Weevil–Cide Co.*, 897 F.2d 481, 486 (10th Cir.1990) (citation omitted). Defendants' decision not to address the issue in the Motion for Directed Verdict thus barred them from raising it in subsequent motions JAMOL. Because the issue was not properly raised below, we do not consider it on appeal. *Farmers Ins. Co. v. Hubbard*, 869 F.2d 565, 570 (10th Cir.1989). We now address other issues that were properly raised and preserved for appeal.

■ Defendants argue in their motions for directed verdict and judgment notwithstanding the verdict ("j.n.o.v.") that Mr. Whalen's case fails because he did not prove that he applied for a job with URI. Error in denying a motion j.n.o.v. will only be found if the evidence conclusively favors the moving party and is susceptible to no reasonable inferences that would sustain the non-moving party's position. *Lucas v. Dover Corp.*, 857 F.2d 1397, 1400 (10th Cir.1988). In reviewing the district court's action, this court cannot assess credibility of witnesses or substitute its judgment for that of the jury. *Id.* The same standard of review applies to a motion for directed verdict. *Zimmerman v. First Fed. Sav. & Loan Ass'n*, 848 F.2d 1047, 1051 (10th Cir. 1988) (citation omitted).

■ Employment discrimination law does not require that a plaintiff formally apply for the job in question. Rather, the law requires either that the employer be on specific notice that the plaintiff seeks employment or, where informal hiring procedures are used, that the plaintiff be in the group of people who might reasonably be interested in the particular job. *Grant v.*

---

**4.** We have found no case in which an appellate court overturned a jury verdict based on erroneous denial of summary judgment.

**5.** This holding is consistent with the analysis of *Grubb v. FDIC*, 868 F.2d 1151 (10th Cir.1989), where the issue of standing was examined on appeal from a final judgment after a full trial even though the moving party had been denied summary judgment on the matter and had not raised it in later motions for JAMOL. A challenge to standing, which is a jurisdictional issue, may be raised at any time. *See Allen v. Wright*, 468 U.S. 737, 750–51, 104 S.Ct. 3315, 3324–25, 82 L.Ed.2d 556 (1984); Fed.R.Civ.P. 12(h)(3).

**6.** Defendants' counsel explained to the district court in his oral Motion for Directed Verdict that "I'm not moving for a directed verdict on the grounds that his [OHRC] complaint is inadequate. I've already been through that field with you before on a motion for summary judgment." (Appellants' Appendix at 580.)

*Bethlehem Steel,* 635 F.2d 1007, 1017 (2d Cir.1980), *cert. denied,* 452 U.S. 940, 101 S.Ct. 3083, 69 L.Ed.2d 954 (1981); *Carmichael v. Birmingham Saw Works,* 738 F.2d 1126, 1133 (11th Cir.1984).

After thorough review of the record, we conclude that the evidence here does not conclusively favor defendants. Mr. Hill testified that no formal employment application procedures were followed. In addition, Mr. Whalen testified that he informed Mr. Skaff when he left his job as Controller that he needed work. A jury could reasonably infer from this evidence that even without a formal job application, Terex officials were on specific notice that Mr. Whalen was interested in the job of Controller. The jury could also have found that as the recently discharged Controller and the last person to hold that job, Mr. Whalen would certainly have been in the group of people who might reasonably be interested in the job when defendants filled it within two weeks of his departure. The jurors apparently found Mr. Whalen credible, and we cannot substitute our judgment for theirs. We therefore affirm the district court's denial of defendants' motions for directed verdict and for j.n.o.v. based on this claim.

■ Defendants next contend that Mr. Whalen failed to prove that age was a determining factor in defendants' actions and that their preferred reasons for the actions were pretextual. The plaintiff in an ADEA case has the burden of establishing that age was a determining factor in the employer's actions. *EEOC v. Sperry Corp.,* 852 F.2d 503, 507 (10th Cir.1988). After the plaintiff has established the prima facie case, the burden shifts to the defendant to show that a legitimate, nondiscriminatory reason motivated the challenged decision. *Id.* The plaintiff may then rebut the defendant's case by showing that the proffered justification is a pretext. *Id.* In considering defendants' challenge to the district court's denial of the motions for directed verdict and for j.n.o.v., we examine the evidence and the district court's decision under the standard of review described earlier, noting that "[t]he plaintiff retains throughout the ultimate burden of proving that age was a determining factor

in the challenged decision." *Lucas v. Dover Corp.,* 857 F.2d at 1401.

Defendants argued at trial that Terex officials wanted Terex employees in the top financial positions at URI and that they originally planned to consolidate positions to eliminate the job of Controller. As described earlier, Mr. Whalen introduced evidence to challenge these claims of nondiscriminatory motivation. A witness for Mr. Whalen testified that Mr. Skaff requested employee lists in declining order of age at the time Mr. Skaff and Mr. Hill made employment decisions during the acquisition. The witness testified that he produced and delivered the lists to Mr. Skaff and Mr. Hill at this time. Undisputed evidence showed that a twenty-nine-year-old Terex employee was hired as Controller approximately two weeks after Mr. Whalen's discharge and the purported elimination of that job. Finally, a witness for Mr. Whalen testified to hearing Mr. Hill comment that he would hire a "young controller." All of this evidence is susceptible to the reasonable inference that Mr. Whalen's age was a determining factor in defendants' actions toward him and that defendants' proferred explanations were pretextual. The jury apparently made this inference, and we affirm the district court's decision to leave the verdict undisturbed.

Defendants argue that the district court erred by allowing into evidence the URE employee lists offered by Mr. Whalen. Defendants specifically claim that the lists were not relevant to issues at trial and that they caused prejudice to defendants and confused the jurors. We review the district court's decisions under Fed.R.Evid. 401 and 403 for abuse of discretion. *United States v. Alexander,* 849 F.2d 1293, 1301 (10th Cir.1988) (Fed.R.Evid. 401); *Spulak v. K Mart Corp.,* 894 F.2d 1150, 1156 (10th Cir.1990) (Fed.R.Evid. 403).

■ Mr. Whalen presented testimony that the lists of employees in declining order of age were prepared at the request of Mr. Skaff for Mr. Hill, were delivered to both men, and could have been consulted in employment decisions regarding Mr. Whalen. This testimony laid an adequate foundation for the district court's determination

that the lists were relevant to the issue of age discrimination. We affirm the district court's determination of relevance.

Defendants argued at trial that the lists were not used in making employment decisions and that jurors would be confused and defendants prejudiced by admission of the lists into evidence. Resolving the factual dispute over whether the lists were used for employment decisions would properly be a matter for the jury. We hold that the district court did not abuse its discretion in finding that the lists would neither confuse the jury nor unfairly prejudice defendants on this matter.

Defendants argue that the district court erred when it allowed Mr. Whalen to dismiss his claim that defendants' age discrimination was willful. The dismissal came after the case had been submitted to the jury and after the parties were advised that the jury could not agree as to willfulness.

The decision to dismiss a cause of action under Fed.R.Civ.P. 41 is left to the discretion of the trial court and can be reversed only upon abuse of that discretion. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976); *Standard Indus., Inc. v. Mobil Oil Corp.*, 475 U.S. 220, 232 (10th Cir.), *cert. denied*, 414 U.S. 829, 94 S.Ct. 55, 56, 61, 38 L.Ed.2d 63 (1973). When deciding whether to allow dismissal, the trial court should consider whether the non-moving party will suffer legal prejudice due to dismissal. *LeCompte*, 528 F.2d at 604.

In the case before us, the only prejudice defendants claim from the dismissal is loss of bargaining power with Mr. Whalen regarding other claims in the lawsuit. Even if Mr. Whalen did gain some tactical advantage from dismissing the claim late in the proceedings, the detriment arguably resulting for defendants would not have reached the level of legal prejudice that the district court is required to consider in granting the motion to dismiss a claim. *LeCompte*, 528 F.2d at 604 (gain in tactical advantage not a bar to dismissal) (citation omitted). We hold that allowing Mr. Whalen to dis-

miss his willfulness claim at this stage was not an abuse of the district court's discretion.

Defendants appeal from denial of their Motion for New Trial, claiming that the verdict was against the law and the weight of the evidence.[7] We review the district court's decision for abuse of discretion. *Richardson v. City of Albuquerque*, 857 F.2d 727, 730 (10th Cir.1988). After thorough review of the record and for reasons cited earlier in this opinion, we conclude that the verdict was neither against the law nor against the weight of the evidence. Finding no abuse of discretion, we affirm the district court's denial of the motion.

Defendants contend that the district court erred in its award of attorney's fees, costs and expenses. This is a matter clearly within the district court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1159–60 (10th Cir.1990).

Defendants first object to Mr. Whalen's recovering attorney's fees incurred during the administrative process preceding litigation. When this court addressed a similar issue under Title VII, our analysis focused on whether the administrative process was a prerequisite to court action. *Manders v. Oklahoma ex rel. Dept. of Mental Health*, 875 F.2d 263, 266–67 (10th Cir.1989) (citing *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980)). We now hold that because ADEA requires private plaintiffs to seek an administrative remedy prior to bringing suit, a fee award under ADEA may properly include fees for time spent on the administrative proceedings. *See Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 282–83 (2d Cir.1987) (congressional intent supports fee award for administrative proceedings under ADEA). Thus we affirm the district court's award in this regard.

Defendants also challenge the award of attorney's fees for time spent pursuing actions against URE that settled out of court. The Supreme Court has in-

---

7. Defendants also reiterate their claim regarding admissibility of the employee lists. Having affirmed the district court's decision on this

matter, we do not consider the claim in the Motion for New Trial.

**1254**

structed that a fee award should be determined by examining "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940; *see also Ramos v. Lamm,* 713 F.2d 546, 556 (10th Cir.1983). "Reasonably expended" hours would not include time spent on claims "unrelated" to those on which the plaintiff prevails. *Hensley,* 461 U.S. at 434–35, 103 S.Ct. at 1940; *Ramos* at 556. The *Hensley* court held that a plaintiff cannot receive fees for time spent on "distinctly different claims for relief that are based on different facts and legal theories" and on which the plaintiff does not succeed. *Hensley* at 434–35, 103 S.Ct. at 1940. In the current case, Mr. Whalen's claims against all original defendants involved the same facts and legal theories. Because of the corporate acquisition in progress when Mr. Whalen was discharged, his claim against URE was substantially interrelated with his successful claims against the other defendants. We find no abuse of discretion in the district court's award of attorney fees for time spent on claims against URE that were settled before trial.

■ Defendants raise a similar objection to the award of attorney's fees for time spent litigating the willfulness claim which was dismissed on Mr. Whalen's motion. This argument falls squarely within the *Hensley* rationale as described above. The willfullness claim was based on the same core of facts and legal theories as Mr. Whalen's other claims. This court has allowed a fully compensatory fee where claims for relief were based on a common core of facts and the plaintiff obtained excellent results even though the plaintiff did not prevail on every contention. *Spulak,* 894 F.2d at 1160 (citing *Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940). In light of *Hensley* and *Spulak,* we find no abuse of discretion in the district court's award of attorney's fees for time spent pursuing the claim that discrimination was willful.

■ Defendants also challenge the award of attorney's fees for time spent working with a statistical expert who did not testify at trial. Under *Hensley* and *Ramos,* the question for the district court was whether such time was reasonably expended in pursuit of Mr. Whalen's case. We find no abuse of discretion in the district court's finding that time spent researching a statistical argument in the instant case was reasonable, and we affirm the award of attorney's fees in this regard.

Defendants object, finally, to an award covering expenses for photocopying and computer research, complaining that the expenses are not adequately identified. Defendants have not directly attacked the affidavits of Mr. Whalen's counsel certifying the reasonableness and necessity of the charges. Neither have defendants cited legal authority for requiring more specificity in identifying expenses. We find defendants' bald assertion that expenses were inadequately identified to be unpersuasive. *See Shorter v. Valley Bank & Trust Co.,* 678 F.Supp. 714, 727 (N.D.Ill.1988) (court declined to require that photocopying invoices identify each document copied where all invoices were identified to lawsuit and total amount was not excessive). We hold that the district court did not abuse its discretion in awarding these expenses.

For the foregoing reasons, we AFFIRM the district court decisions.

## ORDER ON PETITION FOR REHEARING

On Petition for Rehearing, Appellants properly point out that it in fact preserved the issue of the adequacy of plaintiffs' filing with the Oklahoma Human Rights Commission (OHRC). Thus, this Court erroneously refused to consider the issue.

The Court has reviewed this issue as briefed, together with the record and the trial court's order of April 17, 1990, denying defendants' Motion for Summary Judgment on that issue. We conclude that the trial court was correct in its analysis and conclusion contained in its Order on pages one through seven. We therefore conclude that our initial affirmance of the Judgment was correct. As herein modified, our opinion and order is affirmed on rehearing.