[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2001
THOMAS K. KAHN
CLERK

_____

No. 99-12548

_____

D. C. Docket No. 97-07278-CV-DLG

MICHELLE LIND,

Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE, INCORPORATED,
a Foreign Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 25, 2001)**

Before EDMONDSON, BLACK and MCKAY[*], Circuit Judges.

BLACK, Circuit Judge:

_____

[*]Honorable Monroe G. McKay, U.S. Circuit Judge for the Tenth Circuit,
sitting by designation.

# I. BACKGROUND

Appellant Michelle Lind, a white female, began work as a package delivery driver with Appellee United Parcel Service in 1987. In July 1996, Appellee discharged Appellant for allegedly directing a racial epithet at an African-American co-worker. In August 1996, Appellant filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging Appellee had engaged in unlawful race discrimination. Appellant also filed a grievance regarding her termination. Her grievance was denied. Appellant claimed she could produce a witness who would testify she had not uttered the slur, and she was given a second hearing. The grievance was again denied at the second hearing when it was discovered that this witness did not hear the entire conversation in which Appellant allegedly uttered the slur. Appellant's union argued Appellant was not properly discharged because uttering a racial slur was not among the violations for which an employee could be fired with no warning. Appellee argued that uttering a racial slur was equivalent to these "cardinal infractions." Appellant's supervisor testified that he had no doubt she had uttered the epithet. The case was referred to the regional joint union-management panel, which deadlocked in its decision. The matter was then sent to a "Deadlock Panel," which also deadlocked. The matter was finally referred to binding arbitration.

Appellant's union business agent proposed that Appellee bring Appellant back to work pending the outcome of the arbitration. Appellee agreed to allow Appellant to come back to work in a position where she would not have contact with customers or other drivers.[1] On February 7, 1997, while the union arbitration was still pending, another co-worker accused Appellant of directing the same racial slur at him. On February 10, 1997, Appellant's supervisor took her "out of service" pending an investigation. This supervisor (Hershberger) testified that he consulted with other managers on the decision to terminate Appellant's employment. He was not sure if he could terminate her employment, since it technically already had been terminated. He decided to proceed with the termination on February 12 or 13, 1997. The district court found that, following the second racial slur incident, Appellant contacted her union business agent and told him she wanted to speak with Hershberger directly to attempt to resolve the matter. The district court found Appellant called Hershberger and left a message for him to call her back. Hershberger called Appellant at home, allegedly to discuss settling the matter. He told her the company believed she had uttered the slurs. He then told her she could have her job back, with no back pay, if she would

---

[1]In its brief, Appellee claims it put Appellant back to work "to mitigate any back pay damages that might be owed if Lind prevailed at arbitration."

admit to both racial slurs, publicly apologize, and drop her discrimination claim (including her EEOC charge) and pending union grievances. Hershberger told Appellant any final settlement would have to be discussed with the union. Appellant claims this telephone call constituted unlawful retaliation. Appellee claims the call was a settlement negotiation.

Appellant filed a complaint alleging that Appellee retaliated against her for filing an employment discrimination claim with the EEOC. Appellant filed a motion for summary judgment on the retaliation claim. The district court denied this motion, as well as a summary judgment motion by Appellee, and the case proceeded to a six-day trial before the court. After the trial, the district court issued extensive findings of fact and conclusions of law, ruling that no act of retaliation had occurred. Appellant appeals only the denial of her motion for summary judgment.[2] She claims at the time the court considered the motion, Appellee had not presented sufficient evidence to overcome it.

---

[2]Appellant's Amended Notice of Appeal states she is appealing both the order denying summary judgment (the February 12, 1999, order) and the Findings of Fact and Conclusions of Law and Final Judgment entered on June 30, 1999. Her initial brief, however, does not mention the Final Judgment, and her reply brief is devoted to the argument that summary judgment should have been granted in her favor. Arguments not raised in an appellant's initial brief are deemed waived. *See* Fed. R. App. P. 28(a); *Fed. Sav. & Loan Ins. Corp. v. Haralson*, 813 F.2d 370, 373 n.3 (11th Cir. 1987).

## II. DISCUSSION

In *Holley v. Northrop Worldwide Aircraft Services, Inc.*, 835 F.2d 1375 (11th Cir. 1988), while acknowledging that other circuits "have gone so far as to refuse appeals on all motions for summary judgment[,]" we held that this Court would not, after a trial, review a district court's denial of summary judgment "if the party admits that (a) by trial the evidence produced by the opposing party was sufficient to be presented to the jury; or (b) by trial the evidence had been supplemented or changed in some manner favorable to the party who opposed summary judgment." *Id.* at 1377-78 & n.7. The Court noted that "[s]ummary judgment was not intended to be a bomb planted within the litigation at its early stages and exploded on appeal[.]" *Id.* at 1377. Appellant argues *Holley* does not apply here because she did not admit the evidence had been supplemented or was sufficient to be submitted to the fact finder, so the denial of her motion for summary judgment is therefore reviewable.

Upon review of the pertinent cases, however, we find the rule stated in *Holley* has since been extended. *See Stuckey v. N. Propane Gas Co.*, 874 F.2d 1563, 1567 (11th Cir. 1989) ("This Court does not review the propriety of orders denying summary judgment motions based on the evidence available when the motion was made"); *see also Univ. of Fl. v. KPB, Inc.*, 89 F.3d 773, 775 (11th Cir.

1996). In *KPB* the court declined to review the denial of summary judgment, stating that the inquiry "is directed to the sufficiency of the evidence as presented at trial, which the record reveals to be competent support for the jury's verdict . . . ." 89 F.3d at 775. The Court did not state that the moving party had conceded this point. *See also Wenzel v. Boyles Galvanizing Co.*, 920 F.2d 778, 782 (11th Cir. 1991) ("Even if summary judgment might have been granted at the time the motion was made, we examine the record to see if" the evidence at trial was more favorable to the non-moving party.)[3] Recently, we simply stated that the denial of a motion for summary judgment is not reviewable after a trial on the merits has occurred. *See Munoz v. Oceanside Resorts*, 223 F.3d 1340, 1344 n.3 (11th Cir. 2000) ("[O]nce a trial on the merits has occurred, . . . the denial of [a motion for

---

[3]This extension is not inconsistent with *Holley*. In *Holley*, the moving party conceded that by trial, the evidence was sufficient to go to a jury. *See* 835 F.2d at 1277. This Court held that in such a situation, the denial of summary judgment was unreviewable. The Court did not have occasion to decide whether the denial of summary judgment would be reviewable in other situations.

summary judgment] is unreviewable on appeal.") (citing *Wenzel*, 920 F.2d at 782).[4]

Appellant claims the evidence produced by Appellee at trial was no different from the evidence at the summary judgment stage, so we should review the district court's denial of summary judgment. The district court denied summary judgment so it could determine who and what to believe. Even where, as here, the trial testimony is essentially identical to the pretrial record, the testimony can supplement the record. *See Chesapeake Paper Prods. v. Stone & Webster Eng'g Group*, 51 F.3d 1229, 1236 (4th Cir. 1995) ("Even when the pretrial record and the trial testimony are identical, a judgment after a full trial is superior to a pretrial

---

[4]This conclusion is not inconsistent with prior precedent. Appellant cites no case, and we cannot find one, in which this Court has actually reviewed the denial of summary judgment after a trial has occurred. Appellant argues that review of the final judgment opens for consideration prior interlocutory orders. We agree with the Federal Circuit's view on this issue:

> A Rule 56(d) order *granting* partial summary judgment from which no immediate appeal lies is merged into the final judgment and reviewable on appeal from that final judgment. . . .
> An order *granting* [summary] judgment on certain issues is a judgment on those issues. It forecloses further dispute on those issues at the trial stage. An order *denying* a motion for partial summary judgment, on the other hand, is merely a judge's determination that genuine issues of material fact exist. It is not a judgment, and does not foreclose trial on the issues on which summary judgment was sought.

*Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1573 (Fed. Cir. 1986), *cert. dismissed*, 479 U.S. 1072, 107 S. Ct. 1262 (1987) (citations omitted).

decision because the factfinder's verdict depends on credibility assessments that a pretrial paper record simply cannot allow.")

At least 10 circuits have held that the denial of summary judgment is not reviewable on appeal after a full trial and final judgment on the merits. *See Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 130 (2d Cir. 1999); *Chesapeake*, 51 F.3d at 1234 (4th Cir. 1995); *Watson v. Amedco Steel, Inc.*, 29 F.3d 274, 277-78 (7th Cir. 1994); *Black v. J.I. Case Co.*, 22 F.3d 568, 570-72 (5th Cir. 1994); *Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co.*, 19 F.3d 431, 434 (8th Cir. 1994); *Lama v. Borras*, 16 F.3d 473, 476 n.5 (1st Cir. 1994); *Whalen v. Unit Rig, Inc.*, 974 F.2d 1248, 1250-51 (10th Cir. 1992); *Jarrett v. Epperly*, 896 F.2d 1013, 1016 (6th Cir. 1990); *Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1358-59 (9th Cir. 1987); *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1573 & n.14 (Fed. Cir. 1986), *cert. dismissed*, 479 U.S. 1072, 107 S. Ct. 1262 (1987).

As other circuits have observed, a party that believes the district court improperly denied summary judgment has adequate remedies. The party may argue that an immediate appeal will substantially advance the termination of the litigation and move the court to certify the denial of summary judgment for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See Lum v. City of Honolulu*, 963 F.2d 1167, 1169-70 (9th Cir. 1992) (holding that the "appropriate

8

forum to review the denial of a summary judgment motion is through interlocutory appeal under 28 U.S.C. § 1292(b)"); *see also Ayres v. General Motors Corp.*, 234 F.3d 514, 516 (11th Cir. 2000) (hearing interlocutory appeal, under § 1292(b), from denial of summary judgment). Additionally, where a jury trial has occurred, the party may move for judgment as a matter of law under Fed. R. Civ. P. 50 and seek appellate review of the motion if it is denied. *See Chesapeake Paper*, 51 F.3d at 1236; *Watson*, 29 F.2d at 279; *Whalen*, 974 F.2d at 1251; *see also Pahuta*, 170 F.3d at 131 (declining to review denial of summary judgment, and noting that " 'it would be odd indeed for us to consider whether summary judgment was properly denied in a case where the identical issue was presented at trial and the requisite motions for judgment as a matter of law were not made.' ") (quoting *Watson*, 29 F.3d at 279).

We also find persuasive the Ninth Circuit's reasoning in *Locricchio*, quoted by several other circuits in reaching their decisions to deny appellate review of the denial of summary judgment:

> To be sure, the party moving for summary judgment suffers an injustice if his motion is improperly denied. This is true even if the jury decides in his favor. The injustice arguably is greater when the verdict goes against him. However, we believe it would be even more unjust to deprive a party of a jury verdict after the evidence was fully presented, on the basis of an appellate court's review of whether the pleadings and affidavits at the time of the summary judgment motion demonstrated the need for a trial.

833 F.2d at 1359.

Additionally, as the Fifth Circuit noted in *Black*, the Supreme Court has acknowledged that, "even in the absence of a factual dispute, a district court has the power to 'deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.' " *Black*, 22 F.3d at 572 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986)). *See also United States v. Certain Real Prop. Belonging to Hayes*, 943 F.2d 1292 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing.") *See also Pahuta*, 170 F.3d at 131:

> If we were routinely to hear post-trial appeals of summary judgment motion denials, we would provide an unwarranted incentive for trial judges to grant such motions in close cases. The only way for a district court to defuse the "bomb" of a denial's reversal following what would be a therefore superfluous trial would be to grant the motion, enter an appealable judgment dismissing the complaint, and await the outcome of the appeal. Then, only in the event of reversal, would the court and parties proceed to trial secure in the knowledge that one is necessary.

We agree with these other circuits and hold that this Court will not review the pretrial denial of a motion for summary judgment after a full trial and judgment

on the merits.[5]  The district court found that no act of retaliation had occurred.

That finding has gone unchallenged before this Court,[6] and we have no basis for

setting it aside.  *See Watson*, 29 F.3d at 280.  The judgment of the district court is

therefore affirmed.

   AFFIRMED.

---

[5]Even if we were to review the denial of summary judgment in this case, it is clear that summary judgment was properly denied to Appellant.  We agree with the district court that the competing interpretations of the telephone conversation between Appellant and Hershberger presented a genuine issue of material fact, thus precluding summary judgment.

[6]*See supra* note 2.