FILED
United States Court of Appeals
Tenth Circuit

May 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DELLA LOWBER,

   Plaintiff-Appellee,

v.

THE CITY OF NEW CORDELL,
OKLAHOMA,

   Defendant-Appellant.

No. 09-6130
(D.C. No. 5:07-CV-00713-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **PORFILIO**, and **MURPHY**, Circuit Judges.

   Della Lowber won a jury verdict on her claim that the City of New Cordell

discriminated against her on the basis of sex by failing to hire her as an Animal

Control Officer. The City contends that the district court erred in denying its

motion for summary judgment and its motion for judgment as a matter of law.

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The City also asserts that the district court abused its discretion in admitting and excluding certain evidence at trial. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I. Background

Della Lowber worked as an Animal Control Officer (ACO) for the City from June 1990 until January 2004, when her position was eliminated for budgetary reasons. In June 2005, the City decided to create a new ACO position. Ms. Lowber and another woman applied for the position but the City selected a male applicant for the position, C.J. Dalke. Mr. Dalke had never worked as an ACO.

Ms. Lowber subsequently filed an action against the City for gender discrimination in violation of 42 U.S.C. § 2000e. The City moved for summary judgment. The district court denied the motion, concluding that Ms. Lowber "presented sufficient evidence to create a genuine issue of material fact as to whether or not [the City's] proffered reasons for hiring someone other than her were pretextual." Aplt. App., Vol. II at 490-91. The case proceeded to trial. At the close of Ms. Lowber's case, the City moved for judgment as a matter of law under Fed. R. Civ. P. 50. The court denied the motion, finding that "reasonable minds could differ concerning whether [the City's] actions were motivated by [Ms. Lowber's] gender, and also whether or not gender played a motivating part in the decision not to hire [or] rehire [Ms. Lowber]." *Id.*, Vol. III at 1112-13.

The court further explained that "reasonable minds could differ as to whether or not the reasons stated by the city for not hiring [Ms. Lowber] were pretextual." *Id*. at 1113. The jury ultimately found in favor of Ms. Lowber, awarding her $33,758 in compensatory damages. The City now appeals.

## II. Summary Judgment and Judgment as a Matter of Law

The City first argues that the district court erred in denying its motion for summary judgment. But "the denial of summary judgment based on factual disputes is not properly reviewable on an appeal from a final judgment entered after trial." *Haberman v. Hartford Ins. Group*, 443 F.3d 1257, 1264 (10th Cir. 2006); *see also Kelley v. City of Albuquerque*, 542 F.3d 802, 820 (10th Cir. 2008) ("We cannot review the denial of a motion for summary judgment when that motion raises a claim of sufficiency of the evidence."). Instead, we must limit our review to the denial of the City's motion for judgment as a matter of law. *See Kelley*, 542 F.3d at 820; *Whalen v. Unit Rig, Inc.*, 974 F.2d 1248, 1250-51 (10th Cir. 1992).

We review de novo the district court's decision to deny the City's motion for judgment as a matter of law. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1250 (10th Cir. 2005). "To overturn a denial, we must conclude that, viewed in the light most favorable to the non-moving party, the evidence and all reasonable inferences to be drawn from it point but one way, in favor of the moving party." *Id*.

-3-

The City argues that it was entitled to judgment as a matter of law because Ms. Lowber failed to demonstrate that its reasons for not hiring her were pretextual. We disagree. "Pretext may be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Rivera v. City and County of Denver*, 365 F.3d 912, 925 (10th Cir. 2004) (quotation and alteration omitted). "[R]ejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination." *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 147 (quotation and alteration omitted). Viewing the evidence and all reasonable inferences in the light most favorable to Ms. Lowber, we conclude there was sufficient evidence for the jury to infer that the City's stated reasons for not hiring Ms. Lowber were pretextual and that the City discriminated against Ms. Lowber.

The City claimed it did not hire Ms. Lowber for the new ACO position because she had expressed that she was not interested in the position if it was part-time and because there were concerns that she may have improperly worked another part-time job at a restaurant during her prior service as an ACO. As to the City's first reason, Ms. Lowber testified that she was told by the City Administrator, Fred Smith, that the new ACO position was part-time and she

-4-

responded that she was interested. She testified that she submitted an application and then met with Mayor Alex Damon. At the end of her meeting with Mayor Damon, she told him she wanted the job. She testified she never told anyone she was not interested in the position if it was not full-time. She explained she had been part-time for twelve of the thirteen years she worked as an ACO for the City and she had no problem working part-time. Lydia Hall also testified about a conversation she had with Ms. Lowber about the new ACO position. Ms. Hall testified that she and Ms. Lowber had discussed the new position and that Ms. Lowber had told her she needed the job and she did not care whether it was full time or part time.

As to the second reason, Ms. Lowber worked for the City for thirteen and a half years as an ACO. After her position was eliminated, she was told that she would be given first consideration for any new job openings with the City. In the spring of 2004, she was invited to apply for an open position with the City in the Water Department, but she ultimately decided not to apply for that position. Fred Smith, who was the City Administrator for part of Ms. Lowber's prior service and was the City Administrator when she applied for the new position, testified that Ms. Lowber was an excellent employee and that he was satisfied with her job performance. He further testified that Gary Coburn, the police chief and Ms. Lowber's former supervisor, had not made him aware of any issues or problems with Ms. Lowber's performance when she was an ACO. He did not

-5-

know of any reason why the City Council would oppose hiring Ms. Lowber for the new ACO position. Several other City employees who worked with Ms. Lowber when she was an ACO testified that she did a good job during her prior service with the City and that she was qualified for the new ACO position.

Ms. Lowber testified that no one ever complained to her about her part-time work at the restaurant. She explained that the ACO position was part-time for the majority of the time she worked in that position and that her supervisor, Mr. Coburn, gave her permission to work another part-time job at the restaurant while she was working part-time as an ACO. Mayor Damon, who made the decision not to recommend Ms. Lowber for the new ACO position, testified that he had concerns about Ms. Lowber's part-time job at the restaurant during her prior service as an ACO. But he also testified that he did not have any specific information about the part-time job issue; he did not conduct any investigation to determine whether his concerns were based in fact; he did not review Ms. Lowber's prior work schedule or time sheets; he did not talk to Mr. Coburn, Ms. Lowber's prior supervisor who was still working for the City at the time; and he did not review Ms. Lowber's personnel file. Mayor Damon also testified that he operated a photography business during his tenure with the City and that it was permissible for City employees to have other employment outside of their City jobs. Mayor Damon ultimately recommended C.J. Dalke for the new ACO position, although Mr. Dalke had no prior experience as an ACO.

The City has failed to show that "the evidence and all reasonable inferences to be drawn from it point but one way, in [its] favor." *Praseuth*, 406 F.3d at 1250. Accordingly, the district court did not err in denying the City's motion for judgment as a matter of law.

### III. Evidentiary Rulings

The City contends that the district court committed reversible error when it admitted two pieces of evidence: a recommendation letter from Mr. Coburn and a letter from former Mayor Bob Adams inviting Ms. Lowber to apply for a position in the Water Department. The City also contends that the district court committed reversible error when it excluded evidence of Ms. Lowber's arrests and misdemeanor conviction, which occurred after the hiring decision. Evidentiary rulings made at trial are reviewed for an abuse of discretion. *See Echo Acceptance Corp. v. Household Retail Servs., Inc.,* 267 F.3d 1068, 1087 (10th Cir. 2001). "[I]f there is error in the admission or exclusion of evidence, we will set aside a jury verdict only if the error prejudicially affects a substantial right of a party. The effect on the jury of evidence can only be prejudicial if it can be reasonably concluded that with or without such evidence, there would have been a contrary result." *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1049 (10th Cir. 1993) (citations omitted).

With respect to the first piece of evidence, the City filed a pre-trial motion in limine to exclude a recommendation letter allegedly written by Mr. Coburn that

contained statements about Ms. Lowber's job performance as an ACO. The City produced the letter from Ms. Lowber's personnel file during an investigation into Ms. Lowber's claim by the Equal Employment Opportunity Commission. Because Mr. Coburn died in 2006 and was unavailable during discovery and at trial, the City argued that the letter constituted inadmissible hearsay. The district court agreed that the letter was hearsay, but it concluded that the letter was admissible as a business record under Fed. R. Evid. 803(6), and it denied the City's motion in limine. The City again objected to the letter when it was admitted at trial, but the district court overruled the objection.

Rule 803(6) permits the admission of a

[m]emorandum, report, record, or data compilation, in any form . . . if kept in the course of a regularly conducted business activity, and if it was the regular practice of the business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness.

Fed. R. Evid. 803(6). The City argues that the Coburn letter does not meet the requirements in Rule 803(6) because it was not made as part of a regularly conducted business activity. We assume without deciding that the district court abused its discretion in admitting the Coburn letter, but we conclude that any error was harmless because the City has failed to show that the jury verdict would have been different if this letter was not admitted.

A review of the trial transcript shows that the admission of this letter played a minimal role in the evidence presented. As noted earlier, there was other

evidence that Ms. Lowber performed well during her prior service as an ACO. Moreover, Ms. Lowber's counsel did not mention the letter in his opening or closing arguments. Instead, in his closing argument, counsel focused on the fact that Mayor Damon did not give Ms. Lowber's application any real consideration, noting, among other things, that the Mayor did not review her personnel file; did not talk to her former supervisor, Mr. Coburn; and did not talk to city administrator Fred Smith about Ms. Lowber's former service as an ACO.

With respect to the second piece of evidence, the City filed a motion in limine to exclude a letter written by Mayor Adams in which he notified Ms. Lowber about a position in the Water Department and invited her to apply for it. The City renewed its objection to the admission of the letter at trial. The City asserted that the letter was inadmissible hearsay, but the district court admitted it as a business record under Rule 803(6) and as an admission of a party-opponent under Fed. R. Evid. 801(d)(2)(D). We see no abuse of discretion in the district court's decision to admit this evidence.

With respect to the third piece of evidence, the City argues that the district court should not have excluded its evidence that Ms. Lowber was arrested in 2007 and 2008 and convicted of a misdemeanor in 2008. The City contends this evidence was relevant to the issue of damages because, even if the City had hired her in 2005, it would have terminated her in 2007 or 2008 based on her arrests/conviction. The district court granted Ms. Lowber's motion in limine to

exclude this evidence, concluding that "any probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury." Aplt. App., Vol. II at 563. We see no abuse of discretion in the district court's decision to exclude this evidence.

## IV. Conclusion

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge