Abraham **WALLACE** et al., Plaintiffs

v.

**NCL (BAHAMAS) LTD.**, Defendant.

No. 09–21814–CIV–JORDAN.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 13, 2012.

Charles R. Lipcon, Michael A. Winkleman, Lipcon Margulies & Alsina, Jason Robert Margulies, Carlos Felipe Llinas Negret, Lipcon Margulies, Alsina & Winkleman, P.A., Miami, FL, for Plaintiffs.

Sanford Lewis Bohrer, Alex M. Gonzalez, Israel Jovanny Encinosa, Scott Daniel Ponce, Holland & Knight, Miami, FL, for Defendant.

### ORDER DENYING NCL'S MOTION TO REOPEN SUMMARY JUDGMENT BRIEFING

ADALBERTO JORDAN, District Judge.

For the reasons below, NCL (Bahamas) Ltd.'s motion to reopen summary judgment briefing [D.E. 376] and motion for leave to conventionally file an exhibit [D.E. 378] are DENIED.

In this action, the plaintiffs worked as senior stateroom stewards on NCL's cruise ships. The plaintiffs allege that NCL gave them too much work and too little time on embarkation days—those days where one cruise ends and another begins. As a result, the plaintiffs assert they had an impossible task and had to pay other cruise-ship crew members for help.

In June of 2010, NCL moved for summary judgment on this claim. In September of 2010, I denied that motion in part. I found that "there is a material issue of fact as to whether NCL had an unwritten policy of requiring the plaintiffs to hire extra workers such that they were denied their full wages" [D.E. 222 at 9]. The case,

as cases are sometimes apt to do after a court denies summary judgment, went to trial. It was a bench trial, and it was held in September of 2011, almost a year after I denied NCL's summary judgment motion.

Finally, in June of 2012—two years after it moved for summary judgment, 21 months after I denied its original summary judgment motion, and nine months after the bench trial in this case ended—NCL moved to reopen summary judgment. In the alternative, it moved for reconsideration (something it has already done once, about 21 months ago, and something I already rejected once, about 21 months ago) of my order denying its summary judgment motion. As explained below, I deny NCL's attempt to score on a Hail Mary pass after the game has ended.

According to NCL, in April of 2012, it video recorded a steward "timely completing his work on embarkation day without using helpers" [D.E. 376 at 4]. This footage supposedly refutes the plaintiffs' testimony that it was impossible to finish their work on embarkation day. Under *Scott v. Harris*, 550 U.S. 372, 380–81, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007), NCL says, this refutation obliterates any dispute as to material facts and allows me to enter summary judgment in its favor. Plus, this argument continues, I have the discretion to reopen summary judgment briefing. And, even if I don't want to reopen summary judgment, I can reconsider my order. NCL's legal arguments are flawed at every step, both micro-and macro-.

■■■■ First off, NCL seeks to reopen summary judgment *after* the conclusion of a bench trial. Yet NCL cites no case—and I could find none—in which a federal court reopened summary judgment after a bench trial. NCL's motion would allow a party to introduce evidence it failed to introduce at trial, eviscerate the testimony and evidence introduced at trial, and demand a favorable ruling on a paper motion.

This is simply not the way litigation works. "Summary judgment is designed to weed out those cases so clearly meritorious or so clearly lacking in merit that the full trial process need not be activated to resolve them." *Holley v. Northrop Worldwide Aircraft Servs.*, 835 F.2d 1375, 1377 (11th Cir.1988). "Summary judgment was not intended," as NCL intends to use it here, "to be a bomb planted within the litigation at its early stages and exploded" on future review. *Id.* For this reason, courts refuse to review on appeal the denial of summary judgment once a case has gone to trial. *See, e.g., Ortiz v. Jordan*, —— U.S. ——, 131 S.Ct. 884, 888–89, 178 L.Ed.2d 703 (2011) ("May a party ... appeal an order denying summary judgment after a full trial on the merits? Our answer is no.... Once the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary judgment motion."); *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1325 n. 5 (11th Cir.2007) ("Denials of summary judgment ordinarily are not appealable ... after trial."); *Lind v. UPS, Inc.*, 254 F.3d 1281, 1284 (11th Cir.2001) ("[T]he denial of a motion for summary judgment is not reviewable after a trial on the merits has occurred."). This logic applies both to appeals and reconsideration after a trial, and I thus apply it here.

NCL, for its part, offers no argument to deviate from this logic. To be sure, it cites a few opinions, and those opinions recognize that courts have the general discretion to reopen summary judgment or to reconsider their orders. That's humdrum stuff. None of those opinions, however, discuss a court reopening summary judgment *after* a trial. *See Fernandez v. Bankers Nat'l Life Ins.*, 906 F.2d 559, 562–64, 569 (11th Cir.1990); *Jones v. Wike*, 654 F.2d 1129, 1129 (5th Cir. Unit B, 1981) (per curiam); *Kirby v. PR Mallory & Co.*, 489 F.2d 904, 913 (7th Cir.1973); *Kern–*

*Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D.Cal.1986), *aff'd in part, rev'd in part,* 828 F.2d 514 (9th Cir.1987).

■ Nor may NCL seek reconsideration. Under Federal Rule of Civil Procedure 60(b)(2), a party may seek reconsideration of an order if it discovers new evidence. To seek relief, the party must make the motion for reconsideration "no more than a year after the entry of the ... order." FED.R.CIV.P. 60(c). But, as explained above, I denied NCL's motion for summary judgment 21 months ago. Plus, to seek relief for new evidence, the party must show that, despite reasonable diligence, it could not have discovered the evidence before. *See Waddell v. Hendry Cnty. Sheriff's Office,* 329 F.3d 1300, 1309 (11th Cir.2003). NCL does not so much as nod at this standard. It also fails to explain why it could not have recorded a steward doing his work on embarkation day before it filed its summary judgment motion.

Regardless, NCL's motion fails substantively. Its reliance on *Scott,* 550 U.S. at 380–81, 127 S.Ct. 1769, in particular is improper. In *Scott,* video footage recorded a high-speed chase between Victor Harris and a county deputy. *Id.* at 374–75, 127 S.Ct. 1769. At the summary judgment stage, Mr. Harris recounted the incident in a manner that the video footage squarely contradicted. The Supreme Court held that, under such circumstances, a court need not give credence to Mr. Harris's tale for purposes of summary judgment. *See id.* at 378–79, 127 S.Ct. 1769.

The video footage in *Scott* is not the footage here. Unlike *Scott,* where the footage recorded the actual event that the parties disputed, NCL's video does not record the plaintiffs' working condition. It is a video of another steward, not any of the plaintiffs, cleaning cabins. And the footage takes place *years* after the relevant claim period. At trial, both parties made it clear that NCL changed its policies after the relevant claim period. Things, of course, could change in those years.[1] Take the evidence with regard to junior stateroom stewards. At trial, the plaintiffs introduced evidence that junior stateroom stewards refused to help them clean cabins. That might have changed in four years. Or take the plaintiffs* testimony that passengers rarely left before 10 a.m. during the relevant period. That too could have changed in four years. Given these variables, it is not clear that NCL's footage is relevant, let alone dispositive.

Accordingly, NCL's motion to reopen summary judgment briefing [D.E. 376] and motion for leave to conventionally file an exhibit [D.E. 378] are DENIED.[2]

---

1. In fact, at trial, the plaintiffs tried to introduce evidence of events after the relevant claim period, but NCL repeatedly objected to the evidence's introduction. According to NCL then, things had changed too much, making that evidence irrelevant. NCL, apparently, implemented a new work policy after the claim period. Incredibly, in its reply, NCL makes a complete 180–degree turn. It now argues that the footage here, despite falling well outside the relevant claim period, is dispositive [D.E. 385 at 2–3].

2. An order containing findings of fact and conclusions of law will be issued separately.