In re Walter J. WRIGHT, Debtor.

FEDERAL TRADE COMMISSION,
Plaintiff,

v.

Walter J. WRIGHT, Defendant.

Bankruptcy No. 93–50561.
Adv. No. 93–5119.

United States Bankruptcy Court,
D. Connecticut.

April 8, 1996.

Mary S. Feinstein, Ernest J. Isenstadt, Federal Trade Commission, Washington, DC, for Plaintiff.

Victoria T. Ferrara, Sherwood, Garlick, Cowell, Diviney & Atwood, Westport, Connecticut, for Defendant.

## MEMORANDUM OF DECISION ON MOTION FOR RECON-SIDERATION

ALBERT S. DABROWSKI, Bankruptcy Judge.

### I. JURISDICTION

The above-captioned matter is before this Court for decision. The United States District Court for the District of Connecticut has jurisdiction over the instant matter by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine the matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1). This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(*l*).

### II. BACKGROUND

On October 25, 1995, this Court entered an Order on Cross Motions for Summary Judgment (hereinafter, the "Order") and issued a Memorandum of Decision in connection therewith (hereinafter, the "Opinion").[1] The Order denied both Plaintiff's and Defendant's motions for summary judgment.[2] On November 6, 1995, Plaintiff Federal Trade Commission (hereinafter, "FTC") filed with this Court the instant Motion for Extension of Time to File Notice of Appeal and Motion for Reconsideration (hereinafter, the "Motion for Reconsideration"). After due notice the Court convened a telephonic hearing on the Motion for Reconsideration on November 21, 1995, at which time the parties presented their respective arguments. After considering such arguments and the entire record of this case, the Court makes the following observations and determinations.[3]

### III. DISCUSSION

The Motion for Reconsideration is somewhat equivocal as to the basis upon which FTC seeks to have this Court reconsider its Opinion. On one hand, that motion could be read to argue that this Court *misapplied* the doctrine of collateral estoppel. More clearly though, it argues that principles other than collateral estoppel should have been utilized by this Court in reaching a determination. Motion for Reconsideration, p. 3 ("We respectfully submit that this Court's holding ... confuses the issue of 'collateral estoppel' with the question of finality and validity of judgments."). At hearing FTC clarified that it did not believe that the Court misapplied the doctrine of collateral estoppel, but rather, should have given preclusive effect to the District Court Judgment under principles of "finality and validity of judgments". FTC has never articulated the precise nature and scope of those principles of "finality and validity of judgments" which it contends sup-

---

1. The Opinion and Order are reported at 187 B.R. 826.

2. Familiarity with the Order and Opinion is assumed; and all defined terms therein carry the same meaning if and when used in this Memorandum of Decision.

3. At the conclusion of the hearing on the instant matter the Court announced its intention to treat the Motion for Reconsideration as a motion for reconsideration that tolls the time for filing a Notice of Appeal of the Order pursuant to Fed. R.Bank.P. 8002(b).

plant the doctrine of collateral estoppel in the present context, and it has cited no case law or other authority in direct support thereof.[4]

■ Even if a principle other than collateral estoppel dictates a proper outcome in this case, at this stage of the proceedings an argument to that effect is at best untimely, and at worst disingenuous, since FTC's Motion for Summary Judgment sought judgment solely upon grounds of collateral estoppel. Motion for Summary Judgment, p. 2 ("This motion is made because there is no genuine issue as to any material facts in this case. The judgment, including civil penalties, that was imposed upon Wright in the district court action is entitled to collateral estoppel effect …"). Motions for reconsideration should not serve as vehicles to present a matter under a new legal theory which could or should have been argued prior to the entry of an order. *See, e.g., Anderson v. Flexel, Inc.,* 47 F.3d 243, 247 (7th Cir.1995). A rule or practice to the contrary would produce a procedural folly, and the Court would be inundated by dissatisfied litigants who in hindsight, and with the benefit of the Court's thought processes, thought better of their previous pleadings and/or arguments. Therefore, the Motion for Reconsideration does not present an appropriate ground for reconsideration, and must be denied. Nonetheless, because this Court has considered at length the issues raised by FTC, it will briefly discuss the possible implications of those questions in a case such as that at bar.

■ Although FTC has not identified a specific principle of "validity and finality of judgments" which provides a legal basis for the preclusion of a defense on the merits to the present dischargeability action, the Court's independent research and analysis indicates that the principle of *res judicata* may operate in the limited context of Section 523(a)(7) to require summary judgment in favor of a governmental unit which obtained a prior non-bankruptcy monetary judgment

for civil penalties, despite the fact that such prior judgment was by default.

■ Under principles of *res judicata,* "a final judgment on the merits bars further claims by parties or their privies based on the *same cause of action." Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (emphasis supplied). In the present dischargeability context the case of *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) is instructive. In *Felsen* the Supreme Court formulated the doctrine of *res judicata* as follows: "Res judicata prevents litigation of all grounds for, *or defenses to,* recovery that were previously *available* to the parties, *regardless of whether they were asserted* or determined in the prior proceeding." *Id.,* 442 U.S. at 131, 99 S.Ct. at 2209 (emphasis supplied). Thus *res judicata,* unlike collateral estoppel, can preclude litigation of defenses not actually litigated in connection with a prior judgment. Accordingly, if the present Dischargeability Action involves the *same claim or cause of action* as the District Court Action, principles of *res judicata* would compel summary judgment in favor of FTC.

Ruling in a bankruptcy context, the Second Circuit Court of Appeals has held that "the test for deciding sameness of claims requires that the same transaction, evidence, and factual issues be involved …", *Sure–Snap Corp. v. State Street Bank and Trust Co.,* 948 F.2d 869, 875 (1991), and/or that the second action "impair or destroy rights or interests established by the judgment entered in the first action." *Id.* (quoting *Herendeen v. Champion International Corp.,* 525 F.2d 130, 133 (2d. Cir.1975)).

■ Under Second Circuit standards a forceful argument could be stated that the Dischargeability Action involves the "same claim" as that determined by the prior District Court Judgment. Since all of the elements of a Section 523(a)(7) dischargeability claim were necessarily determined in the prior District Court Action, it seems clear that the "same transaction, evidence, and factual

---

4. Nonetheless, the Court's independent consideration of, and reflection upon, the issues presented has raised an alternative basis upon which

otherwise disputed issues of material fact might well be precluded in a case of this nature. See discussion at p. 717, *infra.*

issues" are involved.[5] Also, because the result of dischargeability litigation determines the continued enforceability of the prior non-bankruptcy judgment, a judgment of dischargeability holds the prospect of "impair[ing] or destroy[ing] rights or interests established by the [non-bankruptcy] judgment."

 Therefore, because the Dischargeability Action can be viewed as the "same claim" as the District Court Action, the Defendant would appear to be precluded under principles of *res judicata* from presently offering any defenses which were available to him in the District Court Action.[6] Nonetheless, as stated above, none of these considerations affect a determination of the matter *sub judi-ce* since FTC failed to raise them in a timely manner, if at all.

## IV. CONCLUSION

Because FTC seeks to have this Court reconsider the Opinion and Order on the basis of a non-specific legal theory not identified or articulated in its summary judgment pleadings or arguments, its Motion to Reconsider will be denied by separate order.

---

5. Section 523(a)(7) is unique. Essentially all a governmental unit must prove is the existence of a judgment debt rendered in its favor in a prior forum. By contrast, grounds for non-dischargeability under other subsections of Section 523(a) require proof of elements additional to, or different from, those involved in the prior non-bankruptcy judgment. *Compare* 11 U.S.C. §§ 523(a)(2) and (7).

6. If one concludes that a Section 523(a)(7) dischargeability action involves the "same claim" as a prior non-bankruptcy action which produced a monetary judgment for civil penalties, an interesting question comes into focus which must be surmounted if summary judgment is to be granted. Namely, if a Section 523(a)(7) dischargeability action is sufficiently the "same" as a previous non-bankruptcy action so as to preclude defenses by a defendant/debtor, why then is a plaintiff/creditor not equally precluded from *asserting* that claim? This apparent paradox appears to be explained and justified by reference to the Restatement (Second) of Judgments (1980) (hereinafter referred to as the "Restatement").

Section 18 of the Restatement provides in full as follows:

When a valid and final personal judgment is rendered in favor of the plaintiff:

(1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, *although he may be able to maintain an action upon the judgment;* and

(2) *In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed,* or did interpose, *in the first action.*

Restatement (Second) of Judgments § 18 (1980) (emphasis supplied). Thus under Restatement concepts, a Section 523(a)(7) dischargeability action can be pursued despite the fact that it is effectively the "same claim" as the prior non-bankruptcy action, provided that such dischargeability action is an "action upon the judgment".

Comment c to Section 18 of the Restatement clarifies that *res judicata* principles are not violated by either (1) proceedings to execute upon a prior judgment or (2) an action upon the judgment. The Comment observes with regard to the latter that—

[o]rdinarily no useful purpose is served by bringing an action in the same state upon the judgment instead of executing upon it, but if the period for executing upon a judgment has run or the period of the statute of limitations applicable to the judgment has almost run, the plaintiff can by appropriate proceedings revive the executability of the judgment or bring an action upon the judgment and obtain a new judgment upon which the limitations period will run again.

These Restatement concepts are consistent with relevant federal judicial authority. *E.g., United States v. Hannon,* 728 F.2d 142, 145 (2d Cir. 1984) (citing cases). Although no judicial or other authority identifies a bankruptcy dischargeability action as an "action upon" a prior non-bankruptcy judgment, this Court believes that such a characterization is appropriate. A creditor's prosecution of an action seeking a determination of the non-dischargeability of a prior monetary judgment is substantially similar to a classic "action upon a judgment", in that both seek to preserve the creditor's ability to execute upon the prior judgment. *Cf. Felsen,* 442 U.S. at 133–34, 99 S.Ct. at 2210–11 (observing that a defendant's bankruptcy upsets the repose that would justify treating a prior judgment as final, and thus it would undermine confidence in judgments to allow *res judicata* to prevent plaintiff from meeting defendant's "new initiative"). Consequently, it appears that in the context of a Section 523(a)(7) dischargeability action, principles of *res judicata* can simultaneously permit a creditor to bring such an action *and* preclude defenses offered by a defendant defaulted in the prior non-bankruptcy action.