**FILED**

**U.S. Bankruptcy Appellate Panel
of the Tenth Circuit**

**April 17, 2015**

**Blaine F. Bates
Clerk**

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE RONALD DUANE GOLLEHON, <br><br> Debtor. | BAP No.    CO-14-031 |
| FLORADO PARTNERS, LLC, <br><br>          Plaintiff – Appellee, <br><br>    v. <br><br> RONALD DUANE GOLLEHON, <br><br>          Defendant – Appellant. | Bankr. No.  10-28933 <br> Adv. No.    11-01298 <br>   Chapter   7 <br><br>OPINION* |

Appeal from the United States Bankruptcy Court
for the District of Colorado

Before THURMAN, Chief Judge, CORNISH, and JACOBVITZ, Bankruptcy Judges.

CORNISH, Bankruptcy Judge.

Debtor appeals the bankruptcy court's order and judgment denying him a discharge because he made fraudulent transfers, failed to maintain adequate records of financial condition, made intentionally misleading statements to prevent the Chapter 7 trustee from discovering the nature of his financial affairs, and failed to explain loss of assets. Plaintiff, an LLC in which debtor indirectly holds a 34% ownership interest, brought this adversary proceeding after obtaining

---

\*     This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

a judgment against debtor in state court. On appeal, debtor does not contest the bankruptcy court's findings regarding his misconduct or its conclusions that he is not entitled to a discharge. Instead, debtor argues only that plaintiff lacked authority to commence the adversary proceeding and the bankruptcy court erred by denying his motion to dismiss on that ground. Having reviewed the record and applicable law, we affirm the bankruptcy court's order.

## I.     BACKGROUND[1]

Debtor Ronald Duane Gollehon ("Gollehon") was engaged in real estate development and conducted business activities using a multitude of corporate entities. In July 2004, Gollehon, Kenneth M. Cahill ("Cahill"), and David Curtis Lundberg ("Lundberg") formed Florado Partners LLC ("Florado") to combine various property interests and possible development projects.[2] Gollehon participated in Florado in his capacity as manager of Summerlin Equities LLC, which owned a 34% interest. Summerlin Equities, in turn, was a family holding company owned by Gollehon, his wife, and two adult sons.[3] Lundberg participated in Florado in his capacity as managing principal of L5 Holdings LLC, which owned a 33% interest. Cahill participated in Florado as an individual and owned the remaining 33% of Florado.[4] A transfer of 3% of each 33% interest held by Lundberg and Cahill was subsequently made to Lundberg's father in

---

[1]     Unless otherwise indicated, this factual description is taken from the bankruptcy court's *Order* regarding Defendant's motion to dismiss *("Order Denying Dismissal"), in Appellant Ronald Gollehon's Appendix* ("Appellant's App.") at 182.

[2]     *Arbitrator's Findings of Fact, Conclusions of Law, Ruling and Award ("Arbitration Ruling")* at 3-4*, in* Appellant's App. at 94-95.

[3]     *Findings of Fact and Conclusions of Law ("Discharge Opinion")* at 1*, in* Appellant's App. at 268.

[4]     *Arbitration Ruling* at 5*, in* Appellant's App. at 96.

consideration of a loan to Florado.[5]

Gollehon drafted Florado's operating agreement, which was executed by the members in August 2004 ("Operating Agreement"). The Operating Agreement appointed Gollehon and Lundberg as managing principals, with Gollehon handling the day to day financial management of Florado. In October 2004, the Operating Agreement was amended to appoint Cahill as an additional managing principal.[6]

Relations between the members of Florado soon turned acrimonious, and by the end of December 2004 it was apparent that Florado would be unable to raise funds for further work on projects it had undertaken.[7] In January 2005, Cahill and the Lundbergs removed Gollehon as a managing principal, obtained a writ of replevin, and seized Florado's records from Gollehon.[8] Immediately thereafter, Florado and its members filed a complaint against Gollehon in Colorado state court. At about the same time, Gollehon executed the Summerlin Trust as sole settlor, naming his wife and sons as beneficiaries.[9] He then transferred his ownership interest in the Summerlin Equities family holding company, which owned the Florado interest, to the Summerlin Trust.

In its state court suit, Florado alleged Gollehon breached his fiduciary duties to the other members of Florado and committed fraud in exercising his responsibilities as a managing principal. Gollehon filed a motion to compel arbitration because Florado's Operating Agreement required all disputes between managing principals and/or members to be resolved through arbitration. An

---

[5]     *Id.*

[6]     *Id.*

[7]     *Id.* at 6-7*, in* Appellant's App. at 97-98.

[8]     *Id.* at 7-8*, in* Appellant's App. at 98-99.

[9]     *Discharge Opinion* at 3*, in* Appellant's App. at 270.

arbitrator heard the matter in 2006. In its March 2008 ruling in favor of Florado, the arbitrator concluded Gollehon operated Florado and many of his other real estate partnerships and corporate entities as his alter ego,[10] and that he "consistently ignored any distinctions about the duties and obligations he might owe to one of the entities he had organized as opposed to another."[11] In June 2009, the Colorado state court confirmed the arbitration award and entered judgment against Gollehon in the amount of $984,681.09 ("Judgment"). Gollehon did not appeal the Judgment.

Gollehon filed for Chapter 7 bankruptcy protection on July 28, 2010, scheduling assets of $2,900 and liabilities of $2,145,950 (all unsecured nonpriority claims including the Judgment).[12] He also scheduled monthly expenses of $5,495,[13] and no current income.[14] On an addendum to his Statement of Financial Affairs, he listed thirty-six different business entities, most of them real estate related, all formed between 2000 and 2010, and located at either his home address or one single business address.[15]

On May 6, 2011, Florado filed an adversary complaint[16] objecting to Gollehon's discharge pursuant to 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), (a)(5), and

---

[10]    *Arbitration Ruling* at 6-7, *in* Appellant's App. at 97-98.

[11]    *Id.* at 5, *in* Appellant's App. at 96.

[12]    *Chapter 7 Petition Summary of Schedules, in Appellee's Supplemental Appendix* ("Appellee's App.") at 53.

[13]    *Schedule J - Current Expenditures of Individual Debtor(s), in* Appellee's App. at 70.

[14]    *Schedule I - Current Income of Individual Debtor(s), in* Appellee's App. at 69.

[15]    *Statement of Financial Affairs (addendum to question 18 - Nature, location and name of business), in* Appellee's App. at 51-52.

[16]    *Complaint Objecting to Discharge, in* Appellant's App. at 29.

(a)(6).[17]  The bankruptcy court described the complaint as:

> premised upon allegations including those underlying the Judgment, such as a pattern and practice of transferring funds to third party insiders, failure to disclose assets, failure to disclose partnerships with third parties, failure to account for the dissipation of assets, destruction of financial records and failure to produce financial records in response to subpoenas, transfer of assets to insider third parties within a year of the petition date and failure to disclose those transactions in his statement of financial affairs and schedules, as well as postpetition transfer of estate property without court authorization.[18]

Gollehon filed an answer on June 17, 2011, with dubious responses to Florado's allegations and argued Florado lacked standing and was acting ultra vires because it did not have the requisite consent to sue under its Operating Agreement.[19]

Florado then sought and was granted leave to file an amended complaint and did so on November 1, 2011 ("Complaint").[20]  Gollehon responded by filing a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6)[21] ("Motion to Dismiss"), arguing in part that Florado was required under its Operating Agreement to plead unanimous consent from all of its managers or members as a condition for moving forward with the merits of its § 727 adversary proceeding.[22]  Florado countered that it had standing as a creditor

---

[17]  Unless otherwise indicated, all future statutory references in text are to the Bankruptcy Code, Title 11 of the United States Code.

[18]  *Order Denying Dismiss*al at 3*, in* Appellant's App. at 184.

[19]  *Answer, in* Appellant's App. at 59.

[20]  *Amended Complaint Objecting to Discharge, in* Appellant's App. at 74. According to Florado, "[t]he proposed Amended Complaint attempts to clarify the prior allegations and eliminates several exhibits in an effort to have the Debtor understand the allegations and properly admit or deny the truth of such allegations."  *Florado Partners, LLC's Response to Motion to Dismiss* at 4, *in* Appellant's App. at 143.

[21]  Unless otherwise indicated, all future references in text to "Rule" are to the Federal Rules of Civil Procedure.

[22]  *Defendant's Motion to Dismiss Pursuant to Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Motion to Dismiss")* at 3*, in* Appellant's

(continued...)

to object to Gollehon's discharge and that Gollehon's Motion to Dismiss was an unsupported collateral attack on the Judgment barred by the doctrine of res judicata.[23]  On May 11, 2012, following an evidentiary hearing, the bankruptcy court entered an order denying the Motion to Dismiss ("Order Denying Dismissal").[24]  The bankruptcy court primarily concluded that, based on the rules of prior adjudication, Gollehon was precluded from challenging Florado's authority to sue in the adversary proceeding because it constitutes an impermissible collateral attack on the Judgment.  Following the bankruptcy court's denial of his Motion to Dismiss, Gollehon challenged Florado's authority or capacity in his answer to the Complaint and in the joint pretrial statement, but did not raise the issue again before the bankruptcy court.

The Complaint proceeded to trial.  After a three-day hearing, the bankruptcy court concluded Gollehon was a sophisticated businessman with a college education and more than 30 years of experience who "chose to create numerous separate entities and to engage in business with foreign citizens and in

---

[22]      (...continued)
App. at 90.  The body of the Motion to Dismiss also states that "[b]ecause the basis for this Motion is that Florado lacks standing or the legal capacity to prosecute this action, this Motion may be treated as a motion to dismiss for lack of subject matter jurisdiction. . . . Alternatively, this Motion may be considered and determined under [Rule 12(c), motion for judgment on the pleadings]."  *Id.* at 2, *in* Appellant's App. at 89.  In his reply brief on appeal, Gollehon again characterizes his Motion to Dismiss as filed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, or alternatively, for judgment on the pleadings under Rule 12(c).  However, for purposes of a Rule 12(b)(1) motion, Gollehon conflates standing with capacity to sue, which although related, are separate concepts governed by different rules.  Lack of capacity to sue is not a matter of subject matter jurisdiction in this case.  *See* 5A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. §§ 1293, 1295, and 6A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1559 (3d ed. 2014).  Although standing to sue is required for subject matter jurisdiction, there is no actual dispute regarding Florado's standing, only its capacity to sue.

[23]      *Florado Partners, LLC's Response to Motion to Dismiss Pursuant to Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(1) and 12(b)(6)*, *in* Appellant's App. at 140.

[24]      *Order Denying Dismissal, in* Appellant's App. at 182.

foreign countries as part of a complex financial structure."[25]  However, due to lack of documentation, the bankruptcy court concluded it could not "determine whether and to what extent Gollehon directly or indirectly owned an interest in any of his entities or their assets."[26]  Nor could it determine Gollehon's material business transactions or his true financial condition.[27]  As to Gollehon's testimony as a witness, the bankruptcy court found him to be "inconsistent, evasive, and lacking credibility," and noted that he even "disagreed with the 'undisputed facts' submitted to this Court prior to trial, which facts were prepared with the assistance of Gollehon's counsel."[28]

On June 25, 2014, the bankruptcy court entered a judgment denying Gollehon a discharge ("Order Denying Discharge") based on § 727(a)(2), (a)(3), (a)(4), and (a)(5),[29] and its related Discharge Opinion.  The bankruptcy court ruled Gollehon had:  1) defrauded his creditors by making numerous transfers of assets within one year prior to filing bankruptcy;[30] 2) failed to maintain business records from which his true financial condition could be ascertained;[31] 3) intentionally made omissions or misleading statements in order to prevent the Chapter 7 trustee from discovering the nature of his financial affairs,[32] and 4) failed to explain the deficiency of assets to meet his liabilities because he deliberately maintained very few assets in his individual name by transferring

---

[25]     *Discharge Opinion* at 18, *in* Appellant's App. at 285.

[26]     *Id.* at 19, *in* Appellant's App. at 286.

[27]     *Id.*

[28]     *Id.* at 14, *in* Appellant's App. at 281.

[29]     *Judgment* (Docket No. 171), *in* Appellant's App. at 4.

[30]     *Discharge Opinion* at 15-17, *in* Appellant's App. at 282-84.

[31]     *Id.* at 17-19, *in* Appellant's App. at 284-86.

[32]     *Id.* at 19-22, *in* Appellant's App. at 286-89.

them to the accounts of his entities, friends, or family members.[33] Gollehon timely filed a notice appealing the bankruptcy court's Order Denying Discharge on July 7, 2014.

On appeal, Gollehon challenges only the bankruptcy court's Order Denying Dismissal. That order was not appealable when entered because an order denying a Rule 12(b) motion to dismiss is interlocutory in nature.[34] Gollehon does not contend the bankruptcy court erred in any of its findings of fact or conclusions of law that he is not entitled to a discharge based on his copious improprieties. Instead, Gollehon attempts to resurrect his argument regarding Florado's capacity to once again avoid the consequences of his misdeeds by "cloaked . . . reliance on corporate governance."[35]

## II. APPELLATE JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[36] Neither party elected to have this appeal heard by the United States District Court for the District of Colorado. The parties have therefore consented to appellate review by this Court.

---

[33]    *Id.* at 22-24, *in* Appellant's App. at 289-91. The bankruptcy court did not deny Gollehon a discharge under § 727(a)(6) because Florado abandoned that argument at trial.

[34]    *Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496, 500-01 (6th Cir. 2011); *John E. Burns Drilling Co. v. Central Bank of Denver*, 739 F.2d 1489, 1491-92 (10th Cir. 1984) (citing *Catlin v. United States*, 324 U.S. 229, 236 (1945) ("[D]enial of a motion to dismiss, even when the motion is made on jurisdictional grounds, is not immediately reviewable" under predecessor to § 1291.)). *See also* 15A Charles Alan Wright et al., Fed. Prac. & Proc. Juris. §§ 3914.1 & 3914.6 (2d ed. 2014).

[35]    *Order Denying Dismissal* at 6, *in* Appellant's App. at 187.

[36]    28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002; 10th Cir. BAP L.R. 8001-3 (*now at* 10th Cir. BAP L.R. 8005-1, effective Dec. 1, 2014).

A decision is considered final "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[37]  Here, the bankruptcy court's Order Denying Discharge terminated the adversary proceeding, and therefore is final for purposes of review.

For purposes of standard of review, decisions by trial courts are traditionally divided into three categories denominated:  1) questions of law, which are reviewable *de novo*; 2) questions of fact, which are reviewable for clear error; and 3) matters of discretion, which are reviewable for abuse of discretion.[38] The issues raised on appeal here are legal ones.  *De novo* review requires an independent determination of legal issues, giving no special weight to the bankruptcy court's decision.[39]

## III.  ANALYSIS

Gollehon appeals the Order Denying Discharge, but the only error he alleges is that the bankruptcy court did not dismiss the Complaint based on Florado's lack of capacity or authority to commence the adversary proceeding.  In a nutshell, Gollehon does not contest any of the bankruptcy court's findings or conclusions that he is not entitled to a discharge based on a wide range of misconduct, but instead attempts to rehash the issue of Florado's corporate capacity to sue.  Again, he argues that Florado did not have the requisite authority under its Operating Agreement to bring the adversary proceeding.  In response, Florado initially contends that, for procedural reasons, Gollehon is barred from appealing the bankruptcy court's Order Denying Dismissal following trial and final judgment.  We agree with Florado's contention and address it before turning

---

[37]  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

[38]  *Pierce v. Underwood*, 487 U.S. 552, 558 (1988); *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1370 (10th Cir. 1996).

[39]  *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991).

to Gollehon's argument on the merits.

### A. Procedural Bar to Challenging Lack of Capacity on Appeal

Florado argues Gollehon's Motion to Dismiss is moot and that he failed to preserve the corporate authority defense for purposes of appeal.[40] Specifically, Florado asserts "[i]n the Tenth Circuit, denial of a Motion to Dismiss for Failure to State a Claim or a Motion for Summary Judgment is not reviewable on appeal if the opposing party prevails at trial."[41] As explained below, while Florado's assertion is not categorically true, we believe it is applicable here and yields the right result in this case.

In *Whalen v. Unit Rig, Inc. ("Whalen")*,[42] the Tenth Circuit addressed the appealability of a trial court's alleged erroneous denial of summary judgment subsequent to trial. It held that when a trial court denies a motion for summary judgment based on factual disputes, and final judgment is entered following a trial, the proper redress is not an appeal of the denial of summary judgment via final judgment.[43] Rather, a party should file a motion for judgment as a matter of law in the trial court and seek appellate review of the denial of that motion.[44] However, the Tenth Circuit then recognized an exception to the *Whalen* rule in *Haberman v. Hartford Insurance Group ("Haberman")*.[45]

In *Haberman*, the Tenth Circuit held that "when the material facts are not in dispute and the denial of summary judgment is based on the interpretation of a

---

[40]  Appellee's Answer Brief at 13.

[41]  *Id.*

[42]  974 F.2d 1248 (10th Cir. 1992).

[43]  *Id.* at 1250-51.

[44]  *Id.*

[45]  443 F.3d 1257 (10th Cir. 2006).

purely legal question, such a decision is appealable after final judgment."[46] The Tenth Circuit has confirmed its *Haberman* ruling in recent decisions,[47] but though it has been asked to do so, it has not extended the *Haberman* exception to trial court orders denying motions to dismiss.

In *ClearOne Communications, Inc. v. Biamp Systems ("ClearOne")*,[48] the trial court denied defendant's motion to dismiss plaintiff's misappropriation of trade secrets action for failure to state a claim. Defendant's motion to dismiss was based on both a factual dispute and a legal argument. The case proceeded to trial and the jury rendered a verdict in favor of plaintiff. On appeal, defendant argued, among other things, that the district court erred in denying its motion to dismiss.

The Tenth Circuit indicated it had not previously addressed the appealability of a denial of a motion to dismiss following trial, but pointed to its ruling in *Whalen* in the summary judgment context. It then noted the Fifth Circuit had addressed the precise issue in *Bennett v. Pippin*,[49] and that it was persuaded by its reasoning. The Tenth Circuit held that

> as a general rule, a defendant may not, after a plaintiff has prevailed at trial, appeal from the pretrial denial of a Rule 12(b)(6) motion to dismiss, but must instead challenge the legal sufficiency of the plaintiff's claim through a motion for judgment as a matter of law.[50]

In *ClearOne*, defendant had filed a motion for judgment as a matter of law. However, the Tenth Circuit concluded the trial court's denial of the motion to

---

[46]    *Id.* at 1264. Other circuits have recognized the same exception. *See, e.g., Feld v. Feld*, 688 F.3d 779, 781-82 (D.C. Cir. 2012).

[47]    *Stewart v. Beach*, 701 F.3d 1322, 1328-29 (10th Cir. 2012); *Copar Pumice Co. v. Morris*, 639 F.3d 1025, 1031 (10th Cir. 2011).

[48]    653 F.3d 1163 (10th Cir. 2011).

[49]    74 F.3d 578 (5th Cir. 1996).

[50]    *ClearOne*, 653 F.3d at 1172.

dismiss was not properly before the court for consideration on appeal because defendant did not assert the order denying dismissal was error in its motion for judgment as a matter of law and did not appeal the trial court's denial of that motion.[51]

Nevertheless, on appeal defendant asserted it "should be allowed, post-trial, to appeal the pretrial denial of a Rule 12(b)(6) motion if the denial was based on the resolution of a purely legal question."[52] In other words, defendant argued the Tenth Circuit should create an exception for motions to dismiss like it did in *Haberman* in the summary judgment context. But the Tenth Circuit declined to address the argument because the district court's "denial of [defendant's] motion to dismiss was based largely on its conclusion that additional factual development was necessary, and [defendant] does not seek in this appeal to challenge the sole legal conclusion reached by the district court in denying the motion to dismiss."[53]

In the case on appeal here, Gollehon did not move for judgment as a matter of law at the close of Florado's case based on lack of capacity or authority, and nothing in the record suggests that he offered any evidence on the issue or otherwise raised it at trial. In addition, Gollehon did not assert the defense in his written closing argument,[54] and made no post-trial motion of any kind. Now that the bankruptcy court has denied Gollehon a discharge on numerous grounds following a three-day trial, Gollehon wants another bite at the "capacity" apple. As the Tenth Circuit has repeatedly explained, "[S]ummary judgment was not intended to be a bomb planted within the litigation at its early stages and

---

[51] *Id.*

[52] *Id.*

[53] *Id.* at 1172-73.

[54] *Defendant Ronald D. Gollehon's Written Closing Argument, in* Appellee's App. at 349.

exploded on appeal."[55] This reasoning applies equally, if not more so, to Gollehon's Motion to Dismiss. Perhaps at some point in the future, the Tenth Circuit will definitively rule that in limited instances a denial of a motion to dismiss is appealable following trial and final judgment. But until such time, we decline to push that boundary, especially given the facts of this case.

Even if there were an established exception to the post-trial reviewability rule for motions to dismiss involving "purely legal issues," this case would not fall in that category. Although the bankruptcy court's Order Denying Dismissal is based primarily on the legal rules of prior adjudication, the basis of Gollehon's Motion to Dismiss was not a purely legal one. Gollehon contended Florado did not have capacity to sue because it lacked requisite consent under its Operating Agreement. That contention first involves interpretation of the Operating Agreement to determine what consent was required, followed by factual development regarding actual consent given. As explained by the United States Supreme Court, cases fitting the "purely legal issue" criterion "typically involve disputes about the substance and clarity of pre-existing law."[56] Gollehon's Motion to Dismiss simply does not fall within this narrow category.

Further, apart from whether Gollehon preserved the right to appeal denial of his Motion to Dismiss, he waived any other challenge to capacity or authority by not raising it at trial. Lack of capacity or authority is a defense the party asserting it must raise; it is analogous to an affirmative defense.[57] An affirmative

---

[55] *ClearOne*, 653 F.3d at 1171-72 (quoting *Whalen v. Unit Rig, Inc.*, 974 F.2d 1248, 1251 (10th Cir. 1992)).

[56] *Ortiz. v. Jordan*, 562 U.S. 180, 190 (2011).

[57] 5A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1295 (3d ed. 2014).

defense is not preserved if the defendant never mentions it at trial.[58]

Gollehon argues that lack of capacity or authority attacks plaintiff's standing and implicates the bankruptcy court's subject matter jurisdiction, an issue Gollehon can raise at anytime. We disagree. Capacity or authority to sue based on corporate governance issues is not jurisdictional.[59] Like any defense, an ultra vires challenge must be raised and preserved or it is waived. Further, when the defense is raised in the context of a motion to dismiss, Rule 12(b)(6), not 12(b)(1), applies.

Under Tenth Circuit law, no grounds exist to permit Gollehon to successfully appeal the bankruptcy court's ruling on Florado's capacity or authority to sue.

## B. Action on a Judgment

Even were we to conclude the bankruptcy court's Order Denying Dismissal is reviewable at this stage despite any action on Gollehon's part to preserve the error, we reject the merits of his argument on appeal. We view Gollehon's challenge to Florado's capacity in this adversary proceeding as an impermissible collateral attack on the Judgment.

In its Order Denying Dismissal, the bankruptcy court ruled:

---

[58]     *Cavic v. Pioneer Astro Indus., Inc.*, 825 F.2d 1421, 1425 (10th Cir. 1987) (concluding appellant did not sufficiently preserve affirmative defense where defense was listed in pretrial order but was not argued or mentioned by appellant at trial). *See also United States v. Rogers*, 118 F.3d 466, 474 (6th Cir. 1997) (defendant failed to preserve defense where he failed to raise the argument at trial despite having raised it in pretrial motion to dismiss); *Kraushaar v. Flanigan*, 45 F.3d 1040, 1054 n.7 (7th Cir. 1995) (although issue was raised generally in final pre-trial order, appellant waived the argument by not arguing the point at trial).

[59]     *See Oscar Gruss & Son, Inc. v. Hollander,* 337 F.3d 186, 193-94 (2d Cir. 2003) (Rule 17 relates only to determination of proper parties and capacity to sue and does not affect jurisdiction); *Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 50 (9th Cir. 1972) (question of litigant's capacity or right to sue or to be sued generally does not affect subject matter jurisdiction); *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 478 n.2 (6th Cir. 2014) (capacity is generally considered an affirmative defense, not a jurisdictional issue).

> Among the arguments raised by Florado in its Response [to the Motion to Dismiss], the most compelling and, in the Court's view, dispositive, is claim preclusion, otherwise referred to by the parties as *res judicata*. Florado argues Gollehon is precluded from asserting any argument it lacks the authority to sue Gollehon based on his waiver of the argument in the underlying Arbitration. The Court agrees.[60]

Res judicata refers to case-law developed principles regarding former adjudication. The purposes underlying these principles serve both private and public interests by requiring disputes between parties and their privies to be resolved within the context of a single litigation.[61] Thus, the United States Supreme Court has observed that res judicata "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."[62] "Res judicata ensures the finality of decisions" and "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."[63]

Colorado has not specifically adopted the Restatement (Second) of Judgments, but Colorado courts frequently cite to its provisions.[64] Section 18 of the Restatement addresses the question presented in this appeal. It provides:

> When a valid and final personal judgment is rendered in favor of the plaintiff:

---

[60] *Order Denying Dismissal* at 5*, in* Appellants' App. at 186 (footnote omitted).

[61] *See* 18 Charles Alan Wright et al., Fed. Prac. & Proc. Juris. § 4403 (2d ed. 2014).

[62] *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

[63] *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

[64] *See, e.g., Stanton v. Schultz*, 222 P.3d 303, 306 (Colo. 2010) (citing Restatement (Second) of Judgments § 27)*; Michaelson v. Michaelson*, 884 P.2d 695, 701 & n.7 (Colo. 1994)(citing Restatement (Second) of Judgments § 27); *Cont'l W. Ins. Co. v. Heritage Estates Mut. Hous. Ass'n,* 77 P.3d 911, 916 (Colo. App. 2003) (citing Restatement (Second) of Judgments § 18).

-15-

> (1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment; and
>
> (2) In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action.[65]

As a prepetition judgment creditor, Florado is entitled to object to Gollehon's discharge pursuant to § 727(c)(1). Florado has done so in an effort to prevent its Judgment against Gollehon from becoming meaningless. In this regard, we view the adversary proceeding as in the nature of "an action upon the Judgment."

Several other courts have also equated bankruptcy dischargeability proceedings with an action on a judgment. In *National Union Fire Insurance Company v. Owenby (In re Owenby)*,[66] a creditor obtained a default judgment against debtor prior to debtor filing bankruptcy. Creditor brought an adversary proceeding in debtor's case and the bankruptcy court held creditor's debt to be nondischargeable pursuant to § 523(a)(2)(B). The district court affirmed. Debtor appealed the district court's order and the Ninth Circuit affirmed, opining that the adversary action in bankruptcy was a timely action on the earlier judgment that commenced its own ten-year enforcement period.[67] According to the Ninth Circuit,

> An action on a judgment is the "customary way" to secure enforcement of an out of state judgment. The doctrine that a judgment creates it own cause of action is an entirely practical legal device, the purpose of which is to facilitate the goal of securing satisfaction of the original cause of action. In combination with the doctrine of "merger," whereby a cause of action is said to merge with a judgment upon it such that only the judgment survives as a basis for further litigation, the doctrine also provides a bar against attempts

---

[65]   Restatement (Second) of Judgments § 18 (1982).

[66]   42 F. App'x 59 (9th Cir. 2002).

[67]   *Id.* at 63.

to opportunistically relitigate the same cause of action."[68] Clearly, in the § 727 proceeding on appeal here, Florado is attempting to secure satisfaction of the Judgment it obtained in the original cause of action, and Gollehon should not be allowed to opportunistically relitigate matters already concluded.

In *Federal Trade Commission v. Wright (In re Wright)*,[69] a Connecticut bankruptcy court reached a similar conclusion regarding the nature of dischargeability proceedings for res judicata purposes. The *Wright* court opined that in the limited context of § 523(a)(7), res judicata may operate to require summary judgment in favor of a governmental unit which obtained a prior non-bankruptcy monetary judgment for civil penalties even if that judgment was by default.[70] It further stated, "because the Dischargeability Action can be viewed as the 'same claim' as the District Court Action, the Defendant would appear to be precluded under principles of *res judicata* from presently offering any defenses which were available to him in the District Court Action."[71] To support its reasoning, the *Wright* court relied on *Sure-Snap Corp. v. State Street Bank and Trust Co.*,[72] a Second Circuit decision regarding res judicata in a different bankruptcy context.

In *Sure-Snap*, a debtor-borrower filed for Chapter 11 relief and a plan of reorganization was confirmed. Subsequent to confirmation, the debtor brought an action in federal district court against lenders who had asserted claims in the bankruptcy case. The district court determined that debtor's failure to raise the

---

[68]    *Id.* (citations omitted).

[69]    194 B.R. 715 (Bankr. D. Conn. 1996).

[70]    *Id.* at 717.

[71]    *Id.* at 718.

[72]    948 F.2d 869 (2d Cir. 1991).

lender liability claims during the bankruptcy barred it from litigating them in a separate proceeding.[73] The Second Circuit affirmed, holding that the bankruptcy court's order confirming the plan of reorganization was entitled to res judicata effect. The Second Circuit stated that the test for deciding "sameness of claims" requires that the same transaction, evidence, and factual issues be involved. Further, the Second Circuit opined "[a]lso dispositive to a finding of preclusive effect, is whether an independent judgment in a separate proceeding would 'impair or destroy rights or interests established by the judgment entered in the first action.'"[74]

The bankruptcy court in *Wright* cited *Sure-Snap*, stating "because the result of dischargeability litigation determines the continued enforceability of the prior non-bankruptcy judgment, a judgment of dischargeability holds the prospect of 'impair[ing] or destroy[ing] rights or interests established by the [non-bankruptcy] judgment.'"[75] Therefore, the *Wright* court concluded res judicata principles would be applicable because it viewed the dischargeability action as the same claim in the underlying district court action. Similarly, the adversary litigation here involves the same transactions, evidence, and factual issues as the state court action, and impacts the future enforceability of the prior non-bankruptcy Judgment. The adversary is an action on the Judgment that seeks to prevent a discharge order from destroying the rights established thereunder. As a result, we believe the bankruptcy court correctly concluded Gollehon should not be permitted to challenge Florado's capacity in this adversary proceeding.

---

[73]     *Id.* at 874-75.

[74]     *Id.* at 874 (quoting *Herendeen v. Champion Int'l Corp.*, 525 F.2d 130, 133 (2d Cir. 1975)).

[75]     *In re Wright*, 194 B.R. at 718.

## IV.    CONCLUSION

Under Tenth Circuit law, no grounds exist to permit Gollehon to successfully appeal the bankruptcy court's denial of his Motion to Dismiss following final judgment when he has done nothing to preserve that alleged error. After a three-day trial, the bankruptcy court determined, on numerous grounds, that Gollehon did not qualify as an honest but unfortunate debtor eligible for a discharge and fresh start.  To allow him to avoid this result by now resuscitating his capacity argument would be inequitable.

Even if we thought the Order Denying Dismissal appealable, Gollehon's revival of his capacity argument would be problematic because his Motion to Dismiss did not involve only purely legal issues.  Further, we view Gollehon's dispute of capacity as an impermissible collateral attack on the Judgment prohibited by the Restatement of Judgments § 18 because Florado's adversary litigation is in the nature of an action on a judgment.  Therefore, the bankruptcy court's Order Denying Discharge is hereby affirmed.


JACOBVITZ, Bankruptcy Judge, concurring in part.

I concur with my colleagues except as to their conclusion that Gollehon's challenge to capacity or authority to sue was barred under the doctrine of res judicata or claim preclusion.