# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued March 14, 2012          Decided July 31, 2012

No. 11-7066

KAREN FELD,
APPELLANT/CROSS-APPELLEE

v.

KENNETH FELD
APPELLEE/CROSS-APPELLANT

———

Consolidated with 11-7072

———

Appeals from the United States District Court
for the District of Columbia
(No. 1:08-cv-01557)

———

*Steven M. Oster* argued the cause for appellant/cross-appellee. With him on the briefs was *Christopher E. Hassell*.

*Jonathan S. Franklin* argued the cause for appellee/cross-appellant. With him on the briefs were *John M. Simpson*, *Matthew H. Kirtland*, and *Mark Emery*. *Joseph T. Small Jr.*, entered an appearance.

Before: HENDERSON, ROGERS, and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: Karen Feld sued her brother, Kenneth Feld, after he had her forcibly removed from the building in which he owned a condominium she was visiting. She appeals the district court's judgment that Kenneth was entitled to use reasonable force to do so. For the reasons that follow, we affirm the judgment of the district court.

I

Karen and Kenneth Feld are estranged siblings.[1] In September 2007, their aunt passed away. Despite their difficult history, Kenneth invited his sister to attend the *shiva* — a Jewish mourning ritual — at the condominium he owned and where his aunt had lived, in the Colonnade, a high-rise condominium building in the Cathedral Heights neighborhood of Washington, D.C. On the second night of the *shiva*, Karen began to feel ill and walked into the kitchen. When she headed towards the adjacent bedroom, Kenneth's security guards blocked her way. Karen threw a wine glass at one of them and began screaming profanities. Kenneth ordered the guards to remove Karen from his condominium. She did not go willingly. Kenneth tried to calm Karen in the hallway outside, but when she continued screaming and tried to hit him, Kenneth told the guards to take her out of the building as well. One of the guards did so.

---

[1] To avoid the confusion that may come from referring to the parties by the last name they share, we use their first names.

As relevant to this appeal, Karen sued Kenneth for assault, battery, and false imprisonment.[2] Kenneth counter-claimed that Karen had trespassed on his property. On the eve of trial, in what was effectively a motion for summary judgment, Karen asked the court for judgment as a matter of law on her claims arguing that Kenneth had no right to remove her from the common areas of the building let alone use force to do so. Pl.'s Trial Br. 11-13. The district court denied her motion, holding that "[u]nder District of Columbia law, a condominium owner has an undivided interest in the common areas of a condominium building" and "no persuasive authority in the District of Columbia preclud[es] a condominium owner from using force to eject a trespasser from the building's common areas." Pretrial Order 4.

At the close of evidence at trial, Karen did not renew her legal argument about the use of force in a motion for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure. The case went to the jury, which found against Karen on her claims and against Kenneth on his. Neither party filed for relief under Rule 50(b). On appeal, Karen concedes that Kenneth could lawfully remove her from the common areas of the building but challenges the district court's determination that he could use force to do so. Kenneth filed an appeal conditioned on our reversing the judgment against Karen. Because we affirm the district court, we need not address his arguments.

---

[2] She also sued Feld Entertainment Inc., of which Kenneth is Chairman and Chief Executive Officer, on the same grounds. Karen dismissed her claims against the company before trial.

4

II

As we will ultimately show in only a sentence or two below, Karen's appeal is without merit and easily rejected. But before we can reach the merits of any appeal, we must be assured of our jurisdiction, *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1362 (D.C. Cir. 2012), which Kenneth challenges. He contends that we cannot consider Karen's argument that D.C. law does not permit a condominium owner to use force to exclude another from the building's common areas because she failed to press that point, rejected at summary judgment, in a Rule 50 motion. Karen counters that she was not required to raise the issue again because it presents a purely legal question.

It is true that we are powerless to review a challenge to the legal sufficiency of evidence that was rejected at summary judgment and not brought again in a Rule 50 motion. *Ortiz v. Jordan*, 131 S. Ct. 884, 892 (2011); *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006). But the Supreme Court has left open the question whether the same rule applies to preserving "purely legal" arguments that were rejected at summary judgment. *See Ortiz*, 131 S. Ct. at 892 (declining to address this issue as unnecessary to the holding). At least six circuits have said it does not. *See Houskins v. Sheahan*, 549 F.3d 480, 489 (7th Cir. 2008); *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 382 F.3d 897, 902-03 (9th Cir. 2004); *Rothstein v. Carriere*, 373 F.3d 275, 284 (2d Cir. 2004); *United Techs. Corp. v. Chromalloy Gas Turbine Corp.*, 189 F.3d 1338, 1344 (Fed. Cir. 1999); *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997); *Ruyle v. Cont'l Oil Co.*, 44 F.3d 837, 841-42 (10th Cir. 1994). We agree.

The rationale for requiring a Rule 50 motion does not apply to purely legal questions. A Rule 50 motion preserves for appeal a challenge to the legal sufficiency of the evidence because the denial of summary judgment is not the final word on that question, *Ortiz*, 131 S. Ct. at 891, but merely "a prediction that the evidence will be sufficient to support a verdict in favor of the nonmovant," *Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 718 (7th Cir. 2003). The accuracy of that prediction becomes irrelevant once trial has occurred because "the full record developed in court supersedes the record existing at the time of the summary judgment motion." *Ortiz*, 131 S. Ct. at 889. In other words, once evidence is presented at a trial, any challenge to evidentiary sufficiency at summary judgment becomes moot. *See Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1318 (7th Cir. 1995) ("[T]he principle that an order denying summary judgment is rendered moot by trial and subsequent judgment on the merits is intended for cases in which the basis for the denial was that the party opposing the motion had presented enough evidence to go to trial."). On appeal, there would be no reason to "step back in time" to determine whether the evidence was sufficient for summary judgment. *Chemetall*, 320 F.3d at 719. That question has been overtaken by events — the trial.

But this justification does not apply when the district court rejects a purely legal argument at summary judgment. Had Karen raised her legal argument again in a Rule 50 motion, the district court would have been faced with precisely the same question she raised before trial. No changed facts or credibility determinations at trial could alter whether D.C. law permits a condominium owner to use force to exclude another from the building's common areas. *See Wilson v. Union Pac. R.R. Co.*, 56 F.3d 1226, 1229 (10th Cir. 1995) ("A critical distinction exists between summary judgment motions raising the sufficiency of the evidence to

create a fact question for the jury and those raising a question of law that the court must decide. Where a motion for summary judgment based on an issue of law is denied, appellate review of the motion is proper even if the case proceeds to trial and the moving party fails to make a subsequent Rule 50 motion." (citation omitted)).

At least two circuits have taken the opposite approach and require a Rule 50 motion to preserve for appeal any issue first raised in a motion for summary judgment. *See Ji v. Bose Corp.*, 626 F.3d 116, 128 (1st Cir. 2010); *Chesapeake Paper Prods. Co. v. Stone & Webster Eng'g Corp.*, 51 F.3d 1229, 1235 (4th Cir. 1995).[3] The Fourth Circuit has explained that the distinction we make would require courts "to engage in the dubious undertaking of determining the bases on which summary judgment is denied and whether those bases are 'legal' or 'factual.'" *Chesapeake*, 51 F.3d at 1235. It is no doubt true that determining whether an issue is based in law or fact or some combination of the two is sometimes "vexing," *Pullman-Standard v. Swint*, 456 U.S. 273, 288 (1982), and prudent counsel will make sure to renew their arguments in a Rule 50 motion. But it is equally true that there are cases in which it is clear the appellant has raised a pure issue of law, divorced from any dispute over the facts. *See Chemetall*, 320 F.3d at 719-20. And there is no question that the issue here was purely legal. Whether D.C. law permits a condominium owner to use force to exclude another individual from the building's common areas does not depend

---

[3] The Fifth and Eighth Circuits appear not to have settled on a position. *Compare Becker v. Tidewater, Inc.*, 586 F.3d 358, 365 n.4 (5th Cir. 2009) (embracing the "purely legal" exception), *and White Consol. Indus., Inc. v. McGill Mfg. Co.*, 165 F.3d 1185, 1190 (8th Cir. 1999) (same), *with Black v. J.I. Case. Co.*, 22 F.3d 568, 571 n.5 (5th Cir. 1994) (rejecting it), *and Metro. Life. Ins. Co. v. Golden Triangle*, 121 F.3d 351, 354 (8th Cir. 1997) (same).

on the record and turns on no facts. Karen's pretrial motion presented the issue as a "question of law," Pl.'s Trial Br. 11, and the district court treated it as such. After reviewing statutes and cases, the district court held that D.C. law permits a condominium owner to use reasonable force in ejecting a trespasser from the common areas of a condominium building. Pretrial Order 4. Nothing took place at trial that would have required the district court to revisit its analysis.

Kenneth raises an additional reason to require a Rule 50 motion. Had Karen made such a motion and succeeded, Kenneth could have put on evidence that the Colonnade had actually authorized his use of force. But Kenneth has lost no opportunity to present relevant evidence. Were we to agree with Karen's view of the law, the district court would be free to permit additional discovery as necessary on remand.

We conclude that we have jurisdiction to hear Karen's legal argument because we hold a Rule 50 motion is not required to preserve for appeal a purely legal claim rejected at summary judgment.

As we forecast at the outset, the merits of Karen's appeal are straightforward. She concedes that Kenneth could remove her from the common areas (an argument she lost at the district court), but maintains that he was not privileged to use force in doing so. Appellant's Reply Br. 15-16. This position is untenable. Under District of Columbia law, the right to exclude another from one's property includes the right to use reasonable force. *See Person v. Children's Hosp. Nat'l Med. Ctr.*, 562 A.2d 648, 650 (D.C. 1989) ("[W]e now adopt the rule . . . that a possessor of land has a qualified privilege to use force to remove someone else from the property."). Contrary to Karen's argument, given the findings of the district court, we have no reason to conclude that the District

of Columbia Court of Appeals would carve out an exception to this rule for condominium owners who seek to exclude persons from common areas. *See Shaw v. Marriot Intern., Inc.*, 605 F.3d 1039, 1042-43 (D.C. Cir. 2010) ("Our duty . . . is to achieve the same outcome we believe would result if the District of Columbia Court of Appeals considered this case.").

## III

For the foregoing reasons, the district court's judgment is

*Affirmed.*