[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12433

Non-Argument Calendar

_____

CARTER HICKMAN,

Plaintiff-Appellee,

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:18-cv-00382-MW-MAF

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

The Florida Department of Corrections appeals the judgment in favor of Carter Hickman, an employee of the Department, following a jury trial on his religious discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(m). The Department contends that the district court erred by: (1) not granting its motion for summary judgment prior to trial, (2) not granting its Rule 50 motions during and after trial, and (3) awarding Hickman yet-to-be-determined attorney's fees and costs. We conclude that none of these issues are properly presented and affirm the district court's judgment.

## I.

For over twenty years, Hickman has been employed as an analyst in the Department's security threat group unit. He is African American. In 2016, Hickman applied and interviewed for an administrator position within the same unit. A slate of candidates including Hickman was interviewed by a panel consisting of two wardens and Brooke Powell, the unit's bureau chief. Each interviewer assessed a candidate between one and ten points based on his or her response to specified questions. The scores were then given to Jeff Beasley, the unit's director, to review the scores and make a hiring decision.

After Hickman interviewed but before an applicant was selected, Powell organized a Halloween door-decorating contest within the office. Hickman chose not to participate because it conflicted with his religious beliefs. According to Hickman, Powell told him that his failure to participate "showed that he lacked leadership skills" and rendered him a poor candidate for the position. Powell also relayed these concerns to Beasley.

Soon after, the interview panel conducted another round of interviews. The panel then gave the scores for both rounds of interviews to Beasley along with a recommendation to offer the position to the highest-scoring applicant, Jeffrey Bertera. Beasley did so.

Hickman filed a charge of discrimination against the Department with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission in January 2017. The charge form alleged that the Department discriminated against him based on his race and age; he did not check the box for religious discrimination. However, according to Hickman, he verbally detailed his intention to bring a religious discrimination charge to a state investigator. Hickman's charge was dismissed, and he filed a petition for relief with Florida's Division of Administrative Hearings in August 2017. That petition unequivocally asserted religious discrimination. After that petition was dismissed, the EEOC adopted the Florida agencies' findings and issued Hickman a notice of right to sue.

Hickman sued the Department in Florida state court in August 2018, and the Department removed the action to the district court. His complaint alleged only race and age discrimination. At the same time, Hickman was attempting to amend his charge before the Commission on Human Relations. He eventually succeeded, after which he amended his federal complaint to add a religious discrimination claim.

After discovery, the Department moved for summary judgment, contending in part that Hickman failed to exhaust the religion claim. The district court denied that part of the motion. Hickman abandoned his age discrimination claim prior to trial, so the district court granted summary judgment to the Department on that claim. On the merits of the race- and religion-based claims, the district court concluded that genuine issues of material fact precluded it from granting summary judgment to the Department.

The race and religion claims were tried to a jury. The Department moved for judgment as a matter of law during trial pursuant to Federal Rule of Civil Procedure 50(a)(1), contending that Hickman had not put on sufficient evidence to demonstrate that the Department's asserted reasons for denying him the position were a pretext for discrimination. The district court denied that motion, and the jury returned a verdict finding that religion—but not race—was a motivating factor in the Department's hiring decision. However, the jury also found that the Department would have reached the same decision regardless of Hickman's religion.

Based on the verdict, the district court entered judgment for Hickman but denied his request for equitable and injunctive relief. Although Hickman was not entitled to monetary damages, *see* 42 U.S.C. § 2000e-5(g)(2)(B), the district court granted his motion for attorney's fees and costs, explaining that Hickman had proven "a violation" of Title VII. And, under the "facts of this case," the district court concluded that Hickman was entitled to an award of fees. The district court reserved jurisdiction to determine the proper amount of fees and costs to award.

The Department then filed a renewed motion for judgment as a matter of law under Rule 50(b). It again argued that a "reasonable jury could not have concluded [that the Department's] reason for selecting [Bertera] over [Hickman] was pretext for religious discrimination." Hickman responded that the Department's pretext argument was "flatly inapplicable" to a claim of mixed-motive discrimination. The district court agreed and denied the Department's motion. It explained that Hickman needed only demonstrate that his religious beliefs were "*a* motivating factor" for the Department's hiring decision. The Department filed a timely notice of appeal.

## II.

Appellate courts generally will not consider an issue first raised on appeal. *Caban-Wheeler v. Elsea*, 71 F.3d 837, 841 (11th Cir. 1996). Still, we may consider an argument raised for the first time on appeal if: (1) the issue is a pure question of law and refusal

to consider it would result in a miscarriage of justice; (2) the party raising the issue had no opportunity to raise it before the district court; (3) substantial justice is at stake; (4) the issue's proper resolution is beyond any doubt; and (5) the "issue presents significant questions of general impact or of great public concern." *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004) (quotation omitted).

## III.

The Department raises three issues on appeal, acknowledging that each issue faces a procedural hurdle. First, the Department contends that the district court should have granted its motion for summary judgment on Hickman's religious discrimination claim because he failed to properly exhaust the claim. Acknowledging that we normally do not review decisions on summary judgment after a jury trial, the Department urges us to adopt an exception for "purely legal" issues. Second, it argues that no evidence supports the jury's finding that Powell proximately caused Beasley to overlook Hickman for the position. But the Department concedes that it raised a different issue before the district court. And third, the Department challenges the district court's order awarding an indeterminate amount of fees and costs to Hickman. It contends that we can reach the fees order because it is inextricably intertwined with an otherwise appealable issue. We disagree with each of the Department's procedural arguments.

*A.*

First, whether Hickman properly exhausted his religion claim is not properly before us. It is well-settled that "a party may not appeal an order denying summary judgment after there has been a full trial on the merits." *Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1219 (11th Cir. 2012) (citing *Ortiz v. Jordan*, 562 U.S. 180, 184 (2011)). The district court denied the Department's motion for summary judgment in part because it concluded that Hickman properly exhausted the religion claim. The Department also failed to renew its exhaustion argument in either of its Rule 50 motions, rendering us unable to "direct the district court to enter judgment contrary to the one it had permitted to stand." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006) (quotation omitted) (capitalization altered).

The Department concedes that it failed to renew its exhaustion argument, but it suggests that we should recognize an exception for "purely legal issues" raised in a motion for summary judgment and not renewed in a Rule 50 motion, as some of our sister circuits have done. *See, e.g.*, *Feld v. Feld*, 688 F.3d 779, 782 (D.C. Cir. 2012) (collecting cases). The exception is not uniformly recognized, however. *See id.* at 782.

When the issue was presented to the Supreme Court, it declined to recognize an exception because the issue before it was "hardly . . . [a] purely legal issue[] capable of resolution with reference only to undisputed facts." *Ortiz*, 562 U.S. at 190 (quotation

omitted). We decline to address the existence of an exception to waiver for the same reason. The exhaustion issue required the district court to consider whether, under the facts, the religion claim "grew out of" Hickman's original charge. *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). To do so, the district court made factual determinations based on the disputed evidence, including crediting Hickman's account of his discussion with the state investigator. *See Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008) (holding that "it is proper for a judge . . . to resolve factual disputes" to decide whether a claim was properly exhausted). In other words, the exhaustion issue was a "contest[] . . . about what occurred," not "about the substance and clarity of pre-existing law." *Ortiz*, 562 U.S. at 190. Therefore, even if we were inclined to recognize an exception for purely legal issues, the exhaustion issue would not be properly before us.

*B.*

Second, the Department challenges the jury's verdict on causation grounds. It contends that the record lacks sufficient evidence for the jury to have found that Powell's discriminatory animus caused Beasley to select Bertera over Hickman. Again, however, this is a different issue than the one the Department raised before the district court. To explain why, we must consider the framework applicable to Hickman's mixed-motive religious discrimination claim.

One way a plaintiff can prove employment discrimination is by relying on circumstantial evidence that satisfies the burden-shifting framework of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). Under that framework, "the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (quotation omitted). If the plaintiff does so, "the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions." *Id.* at 1221. "[S]hould the defendant carry its burden," the burden shifts back to the plaintiff to "demonstrate that the defendant's proffered reason was merely a pretext for unlawful discrimination." *Id.*

But in mixed-motive discrimination claims, which the parties now agree properly characterizes Hickman's religion claim, the *McDonnell Douglas* framework "is inappropriate." *Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1237 (11th Cir. 2016). Instead, a plaintiff must "offer[] evidence sufficient to convince a jury that: (1) the defendant took an adverse employment action against the plaintiff; and (2) a protected characteristic was a motivating factor for the defendant's adverse employment action." *Id.* at 1239 (cleaned up). The relevant difference between the two standards is that a claim under *McDonnell Douglas* fails when an employee can "demonstrate[e] that the employer . . . relied on a forbidden consideration" but cannot rebut the employer's proffered neutral reasons. *Id.* at 1238. A mixed-motive claim, on the other hand, can

succeed based solely on the employer's reliance on a forbidden consideration. *Id.*

To demonstrate that a protected characteristic was a motivating factor for the Department's decision, we apply "the traditional tort law standard of proximate cause." *Sims v. MVM, Inc.*, 704 F.3d 1327, 1335 (11th Cir. 2013) (citing *Staub v. Proctor Hosp.*, 562 U.S. 411, 419 (2011)). One way a plaintiff can demonstrate proximate cause is to point to the discriminatory actions of a lower-level employee that influenced the decisionmaker. *See Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1298 (11th Cir. 2021). This so-called "cat's paw" theory "provides that causation may be established if the plaintiff shows that the decisionmaker followed the biased recommendation" of an employee rather than "independently" reaching the same decision. *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1332 (11th Cir. 1999).

These principles help illustrate why we decline to reach the sufficiency of the evidence supporting the jury's causation determination. Before the district court, the Department raised the same argument in support of its motions for summary judgment and for a directed verdict: it contended that Hickman had failed to carry his burden of demonstrating that the Department's reasons for not selecting him for the position were pretextual. "That is," the district court explained, the Department "relie[d] on the *McDonnell Douglas* framework." On appeal, however, the Department sings a different tune. It contends that the "causal factor requirement is key . . . to whether there was evidence to support the jury's verdict." To

reach that conclusion, it relies on *Quigg* and our standard for evaluating mixed-motive claims. In fact, the Department now concedes that Hickman's claim did not depend on his ability to demonstrate pretext, and its brief does not even cite *McDonnell Douglas*. In short, to reach the Department's arguments would require us to consider an issue it did not raise before the district court, and we decline to do so. *See Caban-Wheeler*, 71 F.3d at 841.

## C.

Our prior conclusions compel the final one. For us to reach the Department's challenge to the district court's fees order, that order would have to be "inextricably intertwined with or necessary to ensure meaningful review of [an] appealable issue." *Sabal Trail Transmission, LLC v. 3.921 Acres of Land in Lake Cnty. Fla.*, 947 F.3d 1362, 1372 (11th Cir. 2020). As we have explained, there is no appealable issue with which the fees issue can be merged, and we may not exercise appellate jurisdiction over the otherwise non-appealable order. *See id.* at 1370. Accordingly, we dismiss the appeal as to this issue.

## IV.

**AFFIRMED** in part and **DISMISSED** in part.