Certiorari granted by Supreme Court, January 13, 2023
Remanded and vacated by Supreme Court, May 25, 2023

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6423**

KEVIN YOUNGER,

　　　　　Plaintiff – Appellee,

　　v.

NEIL DUPREE,

　　　　　Defendant – Appellant,

　　and

JEMIAH L. GREEN; RICHARD N. HANNA; KWASI H. RAMSEY;
WALLACE SINGLETARY; TYRONE CROWDER,

　　　　　Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Richard D. Bennett, Senior District Judge.  (1:16-cv-03269-RDB)

Argued:  January 25, 2022                    Decided:  March 11, 2022

Before KING and RUSHING, Circuit Judges, and David J. NOVAK, United States District
Judge for the Eastern District of Virginia, sitting by designation.

Dismissed by unpublished opinion.  Judge King wrote the opinion, in which Judge Rushing
and Judge Novak joined.

**ARGUED:**  Karl Aram Pothier, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellant.  Allen Eisner Honick, FURMAN | HONICK LAW, Owings Mills, Maryland, for Appellee.  **ON BRIEF:**  Brian E. Frosh, Attorney General, Shelly E. Mintz, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellant.  David Daneman, WHITEFORD, TAYLOR & PRESTON, LLP, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

KING, Circuit Judge:

In this 42 U.S.C. § 1983 action, a jury in the District of Maryland found defendant Neil Dupree liable for violating plaintiff Kevin Younger's Fourteenth Amendment due process rights. Dupree pursues a single issue on appeal: that the district court erred in rejecting his contention that Younger's lawsuit is barred because he failed to exhaust his available administrative remedies, as required by the Prison Litigation Reform Act (the "PLRA"). As explained below, because Dupree raised his exhaustion contention in a pretrial motion for summary judgment — and did not reassert that contention in a post-trial motion — our review thereof is precluded by controlling precedent. We therefore dismiss Dupree's appeal.

I.

The dispute giving rise to this litigation stems from an assault that occurred on September 30, 2013, at the Maryland Reception, Diagnostic & Classification Center, a state prison in Baltimore, where Younger was a pretrial detainee. That morning, three prison guards attacked Younger and other inmates at the direction of Dupree, who served as an intelligence lieutenant at the prison. Younger was asleep when the guards entered his cell. The assailants promptly grabbed Younger and threw him from his bunk to the concrete floor. They assaulted Younger by slamming his head against a toilet and striking his face, head, and body multiple times using handcuffs and other objects. Having beaten Younger severely, the guards left him on the floor of his cell, unconscious and bleeding profusely. Younger did not receive appropriate and timely medical attention. Several months after

3

the incident, Younger was flown to a hospital for treatment of the injuries he sustained to his head and leg. The prison guards who executed the attack on Younger and the other inmates were criminally convicted for their actions, and the prison's warden was forced to resign.

On September 28, 2016, Younger initiated this 42 U.S.C. § 1983 action against Dupree and several other prison employees, including the warden and the three prison guards who assaulted him. By his Complaint, Younger alleged, inter alia, violations of the Eighth and Fourteenth Amendments to the Constitution. On July 30, 2019, Younger filed his operative Amended Complaint, again pursuing § 1983 claims under the Eighth and Fourteenth Amendments. In his claims, Younger contended that Dupree and his codefendants had used excessive force against him during the 2013 assault, in contravention of Younger's Fourteenth Amendment due process rights.

On November 18, 2019, Dupree moved for summary judgment, maintaining, in relevant part, that Younger's claims are barred because he failed to exhaust his available administrative remedies — as required by the PLRA — before initiating his § 1983 action. *See* 42 U.S.C. § 1997e(a). Shortly thereafter, on December 19, 2019, the district court rejected Dupree's exhaustion contention and denied his summary judgment motion. *See Younger v. Green*, No. 1:16-cv-03269 (D. Md. Dec. 19, 2019), ECF No. 217 (the "Denial Opinion"). As the Denial Opinion explained, the PLRA does not bar Younger's claims because the administrative remedy identified by Dupree was "not truly available in any meaningful sense and Younger was not required to pursue it." *See* Denial Opinion 14 (internal quotation marks omitted).

4

The litigation thereafter proceeded to the 10-day jury trial. On February 4, 2020, the jury returned its verdict in favor of Younger, finding Dupree and four of his codefendants liable under § 1983 for violating the Fourteenth Amendment's due process protections.[1] The jury awarded Younger the sum of $700,000 in damages, and the district court entered its judgment in Younger's favor that same day.

Dupree thereafter filed a post-trial motion seeking a remittitur with respect to the verdict, and the district court denied that motion. Importantly, Dupree did not therein reassert his PLRA exhaustion contention that had been rejected by the Denial Opinion. That fact notwithstanding, Dupree seeks appellate review of the court's pretrial rejection of his exhaustion contention. We possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

Under controlling precedent of this Court, we "will not review, under any standard, the pretrial denial of a motion for summary judgment after a full trial and final judgment on the merits," when the issue rejected pretrial has not been pursued in the district court by way of a post-trial motion. *See Chesapeake Paper Prod. Co. v. Stone & Webster Eng'g*

---

[1] Younger erroneously asserts in his appellate brief that the jury found Dupree and four of his codefendants liable for violating the Eighth Amendment. *See* Br. of Appellee 1, 2, 12, 14. According to the verdict, however, only Younger's Fourteenth Amendment rights were violated. *See Younger v. Green*, No. 1:16-cv-03269 (D. Md. Feb. 4, 2020), ECF No. 265. That is so because, unlike excessive force claims pursued by convicted prisoners — which are governed by the Cruel and Unusual Punishment Clause of the Eighth Amendment — excessive force claims pursued by pretrial detainees like Younger are governed by the Due Process Clause of the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015).

5

*Corp.*, 51 F.3d 1229, 1237 (4th Cir. 1995). We have since made clear that the rule specified in *Chesapeake* applies to appellate review of not only factual issues, but also purely legal ones. *See Varghese v. Honeywell Int'l*, 424 F.3d 411, 423 (4th Cir. 2005).

The circumstances of this appeal fall precisely within the scope of our *Chesapeake-Varghese* precedent. By his unsuccessful pretrial motion for summary judgment, Dupree maintained that Younger's § 1983 claims are barred because he failed to exhaust his administrative remedies. In its Denial Opinion, the district court carefully considered and rejected that contention. And after losing the 2020 jury trial by way of the adverse damages verdict, Dupree failed to reassert and preserve his exhaustion argument in a post-trial motion.

Notably, Dupree concedes on appeal that our 1995 *Chesapeake* decision will "ordinarily" preclude appellate review of a pretrial denial of a summary judgment motion where, "as here, the issue has not been presented to the district court through a post-trial motion." *See* Br. of Appellant 2. He also acknowledges that, in our 2005 *Varghese* decision, we recognized that the *Chesapeake* precedent applies to and precludes appellate review of a "purely legal defense denied on summary judgment but not raised in a post-trial motion." *Id*. Nevertheless, Dupree requests this panel to "revisit" our circuit precedent and consider "the suggestion by the dissent in *Varghese* that *Chesapeake* does

6

not and should not preclude appellate review of purely legal defenses extinguished on summary judgment." *See* Reply Br. of Appellant 3.[2]

As Dupree correctly acknowledges, the *Varghese* decision makes it crystal clear that, when an issue resolved on summary judgment — even a purely legal one — is not presented to the district court in a post-trial motion, we will not review on appeal the pretrial denial of summary judgment after a full trial has been conducted and final judgment entered. *See* 424 F.3d at 423. In support of his assertion that we should nevertheless review his PLRA exhaustion contention, Dupree relies almost exclusively on a dissenting opinion filed in *Varghese*. *Id.* at 423-27 (Motz, J., concurring in part and dissenting in part). That dissent would have authorized appellate review of certain purely legal issues — such as legal defenses — if those issues were resolved pretrial and not later pursued in a post-trial motion. *Id.* at 426. Significantly, the dissent distinguished those circumstances from the situation in *Chesapeake*, where the summary judgment motion had presented factual issues and the court had decided that the case should go to trial. *Id.* at 425. The dissent observed that "the evidentiary concerns discussed in *Chesapeake* are simply not at issue when a party seeks to reassert on appeal a legal defense that the court below rejected at the summary judgment stage." *Id.* (emphasis omitted).

---

[2] During oral argument, Dupree's lawyer conceded that the *Varghese* decision is "controlling." But when asked if he wished to pursue an en banc rehearing in this appeal to revisit our precedent, he responded in the negative. He then sought to distinguish *Varghese* based on the difference between the legal issue presented therein (preemption) and the legal issue pursued here (exhaustion). Put succinctly, Dupree's effort to distinguish *Varghese* is unpersuasive.

Relying on the *Varghese* dissent, Dupree argues here that, after his exhaustion contention — a legal defense — had been fully and finally resolved by the Denial Opinion, "nothing could have occurred at the merits trial to change that disposition." *See* Reply Br. of Appellant 3. Dupree also laments that our *Chesapeake-Varghese* precedent is unfair in this context because it "perpetuates the extinction of [his] potentially meritorious legal defense to [Younger's] claims simply because [Dupree] — after the merits trial and without any new facts in hand — did not ask the district court to revisit its earlier, purely legal, decision." *Id.* at 4.

Although we appreciate Dupree's appellate contention, his argument simply tracks the views expressed in the *Varghese* dissent and is not supported by our circuit precedent. We recognize that there is a circuit split concerning appellate review of a purely legal issue in circumstances such as these. And we acknowledge that our precedent on this issue adheres to the minority view.[3] But as we have explained time and again, a three-judge panel of this Court is not entitled to circumscribe or undermine an earlier panel decision.

---

[3] Based on our review of precedent from the other courts of appeals, the Second, Third, Sixth, Seventh, Ninth, Tenth, D.C., and Federal Circuits appear to allow appellate review of legal issues that were resolved pretrial and not presented to the district court again in a post-trial motion. *See Rothstein v. Carriere*, 373 F.3d 275, 284 (2d Cir. 2004); *Pennbarr Corp. v. Ins. Co. of N. Am.*, 976 F.2d 145, 146, 149-55 (3d Cir. 1992); *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997); *Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 719-20 (7th Cir. 2003); *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 906 (9th Cir. 1999); *Ruyle v. Cont'l Oil Co.*, 44 F.3d 837, 841-42 (10th Cir. 1994); *Feld v. Feld*, 688 F.3d 779, 783 (D.C. Cir. 2012); *United Techs. Corp. v. Chromalloy Gas Turbine Corp.*, 189 F.3d 1338, 1344 (Fed. Cir. 1999). The First and Fifth Circuits, on the other hand, do not permit appellate review in such circumstances. *See Ji v. Bose Corp.*, 626 F.3d 116, 127-28 (1st Cir. 2010); *Feld Motor Sports, Inc. v. Traxxas, L.P.*, 861 F.3d 591, 596 (5th Cir. 2017).

*See McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004) (en banc); *see also United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015); *Payne v. Taslimi*, 998 F.3d 648, 654 (4th Cir. 2021). We must therefore adhere to our *Chesapeake-Varghese* precedent, which can only be altered by this Court sitting en banc or by the Supreme Court. Pursuant to that precedent, we "will not review, under any standard, the pretrial denial of a motion for summary judgment after a full trial and final judgment on the merits," even in circumstances where the issue rejected on summary judgment and not reasserted in a post-trial motion is a purely legal one. *See Varghese*, 424 F.3d at 421, 423 (quoting *Chesapeake*, 51 F.3d at 1237). Because the circumstances of this appeal fall precisely within the confines of our *Chesapeake-Varghese* precedent, the exhaustion issue raised by Dupree is not properly before us and our review thereof is precluded.

### III.

Pursuant to the foregoing, we adhere to our *Chesapeake-Varghese* precedent and dismiss this appeal.

*DISMISSED*

9